78    14
136    135

# Banks *v.* The State.

*Indictment for Perjury.*

1. *Indictments; practice as to finding of, at common law.*—The rule at common law was to prepare indictments, and to administer oaths to witnesses, in open court, and send both before the grand jury; and under this practice, the examination of a witness was confined to a specific charge of a specified offense, imputed to a designated person; anything beyond this was immaterial and impertinent.

2. *Same; practice as to finding of, in this State.*—In America, this rule varies in the different States; in this State, the witnesses are sworn by the foreman of the grand jury, or solicitor (Code, § 4773); indictments being rarely drawn until the testimony has been heard and satisfies the grand jury, and their report forms the basis of prosecution.

3. *Grand jury; investigations before, to what confined.*—Investigations before the grand jury must not be inquisitorial, and, with the exception of gaming cases, must be directed to a specified end, and the examination of witnesses must be confined to specified aims and objects; and under the theory and practice in this State, all that takes place before the grand jury, as well as the subsequent steps in the prosecution, may be said to be proceedings upon the indictment.

4. *Witness; examination of, before grand jury, rule as to.*—A witness is not a general informer, but the inquiry must be directed to the particular act, transaction, or imputed crime; and anything beyond this, except in gaming cases, is unauthorized and inquisitorial; but, in such cases, the statute (Code, § 4210) authorizes the interrogation of a witness as to the facts within his knowledge, and he may be required to answer without specifying any act or transaction.

5. *Investigation before grand jury; what act legitimate subject of.*—No general statute interdicts the giving away of spirituous, vinous or malt liquors, and in the absence of some local prohibition, the grand jury is without authority to inquire into a mere gift; but where it is shown that

local prohibition existed "within two miles of the academy in the town of Jasper, Walker county, Ala.," and the inquiry is of a particular act of selling or giving away of such liquors within the prescribed limits, such question would be legitimate.

6. *Perjury; what not subject of indictment for.*—An answer to an immaterial question can not be made the subject of perjury; and where an indictment shows that the act sought to be proved was immaterial, it must be adjudged insufficient, and an averment that it is material can not cure the defect.

APPEAL from Walker Circuit Court.

Tried before the Hon. S. H. SPROTT.

The appellant, William Banks, was tried and convicted under an indictment which charged that "on his examination as a witness before the grand jury, at the Fall term, 1883, of the Circuit Court of Walker county, duly sworn to testify, by the foreman of the grand jury, who had authority to administer such oath, in a case before the grand jury of the State against some person whose name was to the grand jury unknown, for unlawfully selling or giving spirituous, vinous or malt liquors to said Wm. Banks, falsely swore, that no one had given or sold him whiskey, wine or brandy since he had been to court; the matter so sworn to being material, and the oath of the said Wm. Banks, in relation to such matters, being willfully and corruptly false." A demurrer was interposed to the indictment, on these grounds: 1st, that the indictment fails to show that the grand jury was investigating any case authorizing said grand jury to swear the defendant as to the matters set out in said indictment, as to which the alleged false oath was made; 2d, the indictment fails to show that the matters alleged therein, as being the foundation of the alleged false oath, were material to the issue then being investigated by the grand jury; 3d, the indictment shows on its face that the investigation before the grand jury, in relation to which the alleged false oath was taken, was general, and there is nothing to show that the matters sworn to were material to the case then being investigated by the grand jury: 4th, the indictment fails to show that the grand jury were investigating a case against any particular person who had sold or given vinous, spirituous or malt liquors to said Banks, as a man of known intemperate habits; 5th, the indictment fails to show that said grand jury, at the time the alleged false oath was taken, was investigating a case against any one for giving or selling liquor within a prohibitory district; 6th, the indictment fails to show the materiality of the alleged false oath to the matters then at issue. This demurrer was overruled, and issue was joined on the plea of not guilty.

There was evidence tending to show, that the defendant was called as a witness before the grand jury, while they were in-

vestigating a case for the violation of a local law prohibiting the sale or giving away of spirituous, vinous or malt liquors within two miles of the academy in the town of Jasper, Walker county, Ala., and that he swore before the grand jury, "that no one had given or sold him whiskey, wine or brandy, since he had been to court." There was, also, evidence that defendant was seen, in company with three others, to walk off from the Methodist church at Jasper, Ala., which is within a short distance of the academy at that place; that one of these men had a bottle of whiskey in his pocket, and was seen to drink of it, pass the bottle to the one immediately next to him, who likewise took a drink and set the bottle on the ground; that the defendant, who was a short distance behind, came up, picked up the bottle, drank, and set it down again; that no one handed him the bottle, or gave him any invitation or permission to drink from it. There was other evidence as to the habits of defendant, and various charges given and refused, to which he excepted; but in the view of the case taken by this court, they need not be set out here.

The jury found the defendant guilty, and he filed a motion in arrest of judgment, on the same grounds set out in the demurrer. This motion was overruled, and defendant was sentenced to imprisonment in the penitentiary for four years.

The rulings of the court on the demurrer to the indictment, and the motion in arrest of judgment, are now assigned as error.

HEWITT, WALKER & PORTER, for appellant.—The indictment charges that the appellant committed perjury, in a "case before the grand jury of the State against some person whose name was to the grand jury unknown, for unlawfully giving or selling vinous, spirituous or malt liquors to Wm. Banks." There is nothing in the indictment which shows that the act of selling Banks liquor was unlawful; and this being the case, the grand jury had no right to inquire into it; if they did so, this action was extra-judicial, and perjury can not be predicated thereon. While many of the formalities of the common law are now dispensed with by our statute, yet the law still makes it essential, in addition to the averment of the authority to administer the oath, that the indictment should "set out the substance of the proceedings, in which the alleged perjury was committed, that it may distinctly appear that the oath was not extra-judicial—that it was taken on an occasion, in reference to a matter, and before an officer or court having authority to administer it, and an indictment not setting out enough of the proceeding to disclose these facts is not sufficient under the statute.—*Jacobs v. State*, 61 Ala. 448.

[Banks v. The State.]

T. N. McClellan, Attorney-General, *contra.*—The indictment was sufficient. It charges that the perjury was committed while Banks was being examined with reference to a matter about which the grand jury had the right to inquire. The offense was the unlawful giving or selling of liquors. The local prohibition law made any sale or giving away within the designated district unlawful, and this being the case, the grand jury was authorized to inquire into any sale or gift there. Consequently, when Banks swore that nobody had given him or sold him any whiskey in Jasper, he swore falsely as to a material fact involved in the inquiry before the grand jury. This special prohibition law was one of which the courts take judicial knowledge, and it need not be pleaded.—*Carson v. State,* 69 Ala. 235.

STONE, C. J.—At common law, the rule was to prepare indictments, send them before the grand jury, administer proper oaths to witnesses in open court, and send them before the grand jury, to be examined by them touching the truth or falsity of the charge preferred in said indictment.—1 Archb. Cr. Pr. and Pl. 97, 98*, 8th Amer. Ed., vol. 1, pp. 304, 305. Under this practice, the examination of witnesses was necessarily confined to a specific charge of a specified offense, alleged to have been committed by a designated person. It being necessary that the indictment should specify the offense, it resulted that the testimony was confined to the offense specified. Any thing beyond that would be immaterial and impertinent. 1 Bish. Cr. Proc. § 868; 6 Car. & P. 95.

In the American States, the rule is generally different, and the practice varies in the different jurisdictions. In Alabama, the witnesses are not sworn in open court, but the oath is administered by the foreman of the grand jury, or by the solicitor.—Code of 1876, § 4773. In gaming cases, the solicitor has authority to summon witnesses.—Code, § 4215. And it is common knowledge, that the indictment is rarely drawn, until the grand jury have heard the testimony, and have satisfied themselves that it is sufficiently strong to authorize a prosecution. Their report to that effect is the basis on which the prosecuting attorney frames the indictment. If not abused, we are not prepared to say there is anything objectionable in this practice.

But the investigations of the grand jury must not be inquisitorial. With the exception of one class of offenses, such investigations must be directed to a specific end, and the right to interrogate witnesses is confined to specified aims and objects. In *People v. Hackley,* 24 N. Y. 74, replying to an argument, the court said: "The criticism of the appellant's

counsel is, that the examination of a witness before a grand jury is not a proceeding upon an indictment, and so not within the statute. In one sense it is not. But, by the theory of proceedings in criminal cases, the indictment is supposed to be prepared and taken before the grand jury, by the counsel prosecuting for the State; and the evidence is then given in respect to the offense charged in it. If the party accused appears to be guilty, the indictment [supposed to have been prepared] is certified to be a true bill. Otherwise, it is thrown out. In that view of the practice, all which takes place before the grand jury, as well as the subsequent steps, may be said to be proceedings upon the indictment." This we may adopt as an accurate statement of the principles and theory of proceedings before grand juries in this State.

There is no authority for constituting the witness a general informer, requiring him to tell all he may know. The inquiry must be directed to a particular act, transaction, or imputed crime. Anything beyond this, except in the one class of offenses, is unauthorized by any law, and is in its nature inquisitorial.— *United States v. Coolidge*, 2 Gallis. 364 ; *State v. Fasset*, 16 Conn. 457.

The excepted class referred to above, is that of gaming cases.—Code, § 4216. In this class, the statute authorizes the grand jury to interrogate witnesses as to any such offense within their knowledge, without specifying any act or transaction. When so interrogated as to gaming, the witness is required to answer.—*State v. Blocker*, 14 Ala. 450; *State v. Parrish*, 8 Humph. 80.

Giving away spirituous, vinous, or malt liquors, is not, without more, a violation of the criminal law. No general statute has interdicted such act, and, in the absence of some restriction, or local prohibition, the grand jury is without jurisdiction to inquire into a mere gift of such commodity. Many places have prohibitory statutes, but they do not cover the area of the entire State. It is shown that such act is prohibited to be done " within two miles of the academy in the town of Jasper, in Walker county, Alabama." If the grand jury were inquiring of the witness of any act of selling, or giving away of spirituous, vinous, or malt liquors to said witness, within said limits, a particular act or transaction being expressed, or indicated by the inquiry, then the question propounded was a legitimate one, and the witness was bound to answer it. A false answer given to such inquiry, if knowingly given, might be the subject of an indictment for perjury. In such case, the question by the grand jury would have a definite aim, would be within the sphere of their legitimate powers, and the witness would be bound to answer it.

[Barber v. The State.]

The indictment in this case is fatally defective. It fails to show or indicate any person, of whose guilt the grand jury were inquiring, and it fails to designate, or point to any place, where the act of giving would be unlawful, as the scene of the imputed act. It therefore fails to show the question to the witness was material, but, on the contrary, shows it was *prima facie* immaterial. An answer to an immaterial question can not be the subject of perjury; and an indictment which shows on its face that the act sought to be proved was immaterial and harmless, as not pointing to some act of imputed criminality, must be adjudged insufficient. The averment that the matter sworn to was material, can not overcome the intendment that the matter specified as sworn to is *prima facie* immaterial.

Nor is the present indictment helped by the imputed false statement, that no one had given or sold him spirits, etc. The frame of the indictment shows that the attempt of the grand jury was not to procure an indictment against the person, " whose name was to the grand jury unknown," for selling such liquors without license. The act complained of was "selling or giving," stated disjunctively. When this mode of pleading is adopted, each act thus alternately charged must constitute the offense charged, or attempted to be charged.—*Horton v. The State*, 53 Ala. 488. It is manifest there was no inquiry as to the ordinary sale of liquors without license.

Reversed and remanded.