(75 South. 183)
GRANTHAM et al. v. STATE. (4 Div. 504.)

(Court of Appeals of Alabama. April 3, 1917. Rehearing Denied May 15, 1917.)

1. CRIMINAL LAW ☞983—JUDGMENT—JOINT AND SEVERAL OFFENSE.
Where two defendants were jointly indicted, tried, and convicted of grand larceny, and the verdict of the jury found them guilty as charged in the indictment, a judgment adjudging defendants guilty and separately sentencing each of them to a term in the penitentiary was proper as the offense was a joint and several one.
[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2503.]

2. CRIMINAL LAW ☞884—JOINT AND SEVERAL OFFENSE—VERDICT.
Where defendants were jointly indicted and tried for larceny, the jury was not authorized to fix the penalty against them.
[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2107, 2526.]

3. CRIMINAL LAW ☞419, 420(1)—EVIDENCE—ADMISSIBILITY—EXCEPTION TO HEARSAY RULE.
In a prosecution for larceny of a gin belt, the court properly overruled an objection to the question asked of a state's witness if he did not hear of the loss of the belt by its owner after he met the defendants and another on the road to the owner's place, because of the exception to the hearsay rule that allows utterances otherwise inadmissible to be received for the purpose of identifying the time of the occurrence and aiding the recollection of the witness.
[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 973, 975, 976, 980–983.]

4. WITNESSES ☞287(1)—EXAMINATION.
Where a witness on cross-examination testified in response to questions of defendants' counsel that he was a witness on the preliminary trial, and that it was his best recollection that he testified on that trial that he met the defendants and another on the road on a stated day, it was not improper to allow the solicitor to ask the witness on direct examination if he was sure that he fixed that particular date or if he remembered distinctly if such date was the date he fixed in his former testimony, especially where the witness adhered to the statement brought out by the defendants on cross-examination.
[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 930, 1000.]

5. WITNESSES ☞245—EXAMINATION—REPETITION OF TESTIMONY ALREADY GIVEN.
The court properly sustained the objection of the solicitor to a question which called for a repetition of the testimony of the witness that was already before the jury.
[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 827, 828.]

6. CRIMINAL LAW ☞448(4)—EVIDENCE—ADMISSIBILITY—CONCLUSIONS.
A question asked a witness referring to presence of one of the defendants in a certain town at a certain time, "What was he doing there that day, and do you know what he said he was doing there that day?" was objectionable as calling for the conclusion of the witness.
[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1036, 1038.]

7. WITNESSES ☞350—CROSS-EXAMINATION—ALLEGED CONFEDERATE.
Where there was evidence tending to connect a witness with the crime as a confederate, it was permissible for the solicitor to ask the witness on cross-examination if he did not take the belt stolen.
[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1140–1149.]

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Coot and Harvey Grantham were convicted of the larceny of a sawmill or gin belt, and they appeal. Affirmed.

Witness Bullock testified that he lost a gin belt, and that about a week afterwards found it at the gin belonging to defendants; that he remembered its number and recognized it by number, and asked Coot Grantham where the balance of the belt was, and he replied that it was over in a barrel, and went and got it and brought it to witness. The witness Ross testified that he remembered when it was said that Mr. Bullock had lost a belt, and that two nights before that he saw

defendants about sundown in a buggy, about six miles from town, and that Will Smith was with them. The witness Bob Ross testified on the direct examination that at the time they met defendants and Will Smith he was driving the car, and that his father was anxious and uneasy about his driving, and went with him to look after him. Defendants, on cross-examination, asked witness the following question:

"At that time your father, J. T. Ross, was uneasy about your driving, and was giving close attention to your driving, wasn't he?"

The witness Rogers was asked by defendants:

"What was he doing there that day, and do you know what he said he was doing there that day?" (referring to Coot Grantham's presence in Dothan at a certain time).

Farmer & Farmer, of Dothan, for appellants. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

BROWN, P. J. [1] The defendants were jointly indicted, tried, and convicted of grand larceny. The verdict of the jury was in these words:

"We the jury find the defendants guilty as charged in the indictment."

On this verdict the court rendered a judgment, jointly adjudging the defendants guilty, and separately sentenced each of the defendants to a term of two years in the penitentiary as a punishment for the offense. The offense for which the defendants were indicted was joint and several and the proceedings of the trial court are free from reversible error. Newman v. State, 160 Ala. 102, 49 South. 786; White v. State, 12 Ala. App. 160, 68 South. 521.

"So far as the costs are concerned, the satisfaction of execution against either * * * will work a satisfaction as to both. This should have been made clear in the judgment." Newman v. State, supra.

[2] The jury was not authorized to fix the penalty against the defendants. This was fixed by the court, and each of the defendants was separately sentenced for a fixed term as a punishment for the offense. This distinguishes this case from Perry v. State, 149 Ala. 40, 43 South. 18, where the judgment was reversed because the verdict was void.

[3] There is an exception to the hearsay rule that allows utterances, otherwise inadmissible, to be received in evidence for the purpose of identifying the time of an occurrence or aiding the recollection of the witness. Wigmore's Evidence, §§ 416, 1791. And this rule justified the court in overruling the objection to the question to the state's witness J. T. Ross, if he did not hear of the loss of the belt by Bullock after he met the defendants and Smith on the road near Bullock's place. Furthermore, the fact of the loss of the belt by Bullock was not disputed. The disputed fact was whether the belt found in the possession of the defendants was Bullock's belt.

[4] On cross-examination the witness J. T. Ross testified, in response to questions put by the defendants' counsel, that he was a witness on the preliminary trial of the defendants, and that it was his best recollection that he testified on that trial that he met the defendants and Smith on the road on the 11th day of the month. It was not improper for the court to allow the solicitor to ask on the direct examination, if witness was sure that he fixed that particular date, or if he remembered distinctly that the 11th of the month was the date he fixed in his former testimony. Furthermore, the witness adhered to the statement brought out by the defendants on cross-examination.

[5] The question to the witness Rob Ross and to which the court sustained the objection of the solicitor called for a repetition of the testimony of this witness that was before the jury, and the objection was properly sustained. Newman v. State, supra.

[6] The questions to the witness Rogers to which objections were sustained were objectionable as calling for the conclusion of the witness.

[7] There was evidence tending to connect the witness Smith with the crime, as a confederate of the defendants, and it was permissible for the solicitor to ask the witness on cross-examination if he did not take the belt. White v. State, supra, and authorities cited therein.

We find no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.