(83 South. 359)

ROGERS v. STATE. (8 Div. 674.)

(Court of Appeals of Alabama. July 21, 1919.)

1. CRIMINAL LAW ⬡878(3)—CONVICTION ON ONE COUNT OPERATES AS ACQUITTAL AS TO OTHERS.

A conviction under the second count of an indictment for receiving stolen goods contrary to Code 1907, § 7329, operates as an acquittal as to the first count of the indictment, charging the stealing of the same property.

2. INDICTMENT AND INFORMATION ⬡110(18) —STATUTORY FORM ON RECEIVING STOLEN GOODS SUFFICIENT.

An indictment, charging accused with receiving or concealing certain specified property knowing that it was stolen, and not having the intent to restore it to the owner, etc., in the form prescribed by Code 1907, § 7329, and section 7161 (form 90), is not subject to demurrer.

3. CRIMINAL LAW ⬡338(4, 5)—EVIDENCE AS TO TRANSACTION WITH WHICH ACCUSED IS NOT CONNECTED INADMISSIBLE.

In a prosecution for receiving stolen goods, a witness for the state cannot testify that he had also lost some goods the same night, where there was no conflict regarding the date of the larceny with which it was sought to connect accused, the witness' recollection as to the date was clear, and no connection was shown between accused and goods stolen from witness.

4. WITNESSES ⬡254—RECOLLECTION MAY BE REFRESHED BY INQUIRY AS TO IMMATERIAL CIRCUMSTANCES.

In a criminal case, if the witness has given an ambiguous answer, or his memory is at fault, the court, in the exercise of a proper discretion, may allow inquiry as to the circumstances, not otherwise material, which may enable the witness to recollect the fact sought to be proved.

5. CRIMINAL LAW ⬡369(15)—EVIDENCE OF OTHER OFFENSES ADMISSIBLE TO IDENTIFY DEFENDANT.

In a prosecution for receiving stolen goods, evidence that other similar property had been stolen the same night may be introduced to identify defendant as the guilty party, if there is evidence tending to show that such property was found in defendant's possession.

6. WITNESSES ⬡319—CHARACTER WITNESS MAY NOT BE IMPEACHED AS TO IMMATERIAL ISSUES.

In a prosecution for receiving stolen goods, evidence seeking to impeach the testimony of a state's witness on cross-examination that accused often traded wagons is inadmissible, where the issue as to trading wagons was immaterial.

7. CRIMINAL LAW ⬡1207—ONLY STATUTES REDUCING PUNISHMENT APPLY TO PRIOR OFFENSE.

A statute providing a greater punishment or applying a penalty with greater severity cannot be applied to a crime committed prior to its passage, but statute reducing punishment or applying the punishment with less vigor are applicable to prior offenses.

8. CRIMINAL LAW ⬡1208(9)—EXTREME LIMITS OF PUNISHMENT UNDER INDETERMINATE SENTENCE MAY BE FIXED BY COURT.

Under Pamph. Acts 1919, p. 148, authorizing indeterminate sentences for terms not less than the minimum nor more than the maximum fixed by statute, and authorizing the court to state the minimum and maximum limits in sentencing a prisoner, etc., the court has discretionary power to fix the minimum and maximum limits of an indeterminate sentence within the extreme limits prescribed by the statute.

9. PARDON ⬡2—INDETERMINATE SENTENCE LAW DOES NOT IMPAIR PARDONING POWER.

Pamph. Acts 1919, p. 148, providing for indeterminate sentences, etc., does not impair the Governor's power to commute sentences under Code 1907, § 7514.

10. CRIMINAL LAW ⬡1206(3)—INDETERMINATE SENTENCE LAW APPLIES TO PRIOR OFFENSES.

Pamph. Acts 1919, p. 148, providing for indeterminate sentences between the minimum and maximum limits fixed by statute, is applicable to offenses committed prior to its passage, without violating Const. 1901, § 7, prohibiting punishments except under laws established prior to the offense and legally applied.

11. CRIMINAL LAW ⬡1218—PLACE OF IMPRISONMENT.

Under the direct provisions of Code 1907, § 7620, a sentence for one year or less must be at hard labor for the county; and an order, confining a prisoner in the penitentiary under a minimum sentence of one year, is erroneous.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Claude Rogers was convicted of receiving stolen goods, and appeals. Reversed and remanded.

Sample & Kilpatrick, of Cullman, for appellant.

J. Q. Smith, Atty. Gen., and Horace Wilkinson, Asst. Atty. Gen., for the State.

BROWN, P. J. [1, 2] The appellant was convicted of the offense denounced by section 7329 of the Code of 1907—buying, receiving, concealing, or aiding in concealing, stolen goods—as charged in the second count of the indictment. Under repeated rulings in this state, this operated as an acquittal of the offense charged in the first count of the indictment. Therefore the ruling of the court on demurrers to the first count of the indictment will not be considered or treated. The second count follows the form prescribed by the Code, and the demurrer thereto was properly overruled. Code 1907, §§ 7329, 7161 (form 90).

[3-5] The court erred in overruling defendant's objection to the question, "For the purpose of refreshing your recollection as to

the transaction, did you lose some meat the same night?" put to the witness Aldredge by the solicitor, and in overruling the motion to exclude the answer. There was no conflict in the evidence as to the time of the larceny from Maze's smokehouse, nor was there any uncertainty or fault in the recollection of the witness as to the time of the larceny, the witness having positively fixed the time as May 11, 1917. Under the evidence in this case, the fact that Aldredge and others had meat stolen from them on the same night in no way tended to identify the defendant as the thief, or to identify the property sold by the defendant to Wilhite (if, in fact, the defendant sold it to Wilhite) as the property taken from Maze's smokehouse. The rule is that if a witness has given an ambiguous or indefinite answer or if his memory is at fault, the court, in the exercise of proper discretion, may allow inquiry as to statements or circumstances not otherwise material or competent which may tend to enable the witness to recollect more clearly the fact sought to be proved. Jones on Ev. § 883; Wigmore on Ev. § 416; Crane v. State, 111 Ala. 45, 20 South. 590; Grantham v. State, 75 South. 183.[1] If evidence had been offered showing the character of the property lost by Aldredge, and this had been connected by evidence showing, or tending to show, that such property was found in the defendant's possession, these facts would have been admissible as evidence tending to identify the defendant as the guilty agent. Yarborough v. State, 41 Ala. 405; Mason v. State, 42 Ala. 538; Curtis v. State, 78 Ala. 14; Sellers v. State, 98 Ala. 75, 13 South. 530. No such evidence was offered. The only property which the evidence tends to show was found in the possession of the defendant was the meat sold to Wilhite, to wit, three hams, two middlings, and one shoulder, corresponding in description to the meat stolen from Maze's smokehouse.

[6] The fact that the defendant frequently traded wagons was brought out by the defendant on the cross-examination of the witness Aldredge, and was apparently immaterial to any issue in the case. Therefore it was not error for the court to sustain the objection of the solicitor to the question asked the witness Hill, seeking to impeach Aldredge on this point.

This brings us to the question as to whether or not, in view of the provisions of section 7 of the Constitution of 1901, the act of February 18, 1919 (Pam. Acts 1919, p. 148), authorizing an indeterminate sentence in certain cases, is applicable to offenses committed before its passage, and, if so, whether it was properly applied in this case. This section of the Constitution provides:

"That no person shall be accused or arrested, or detained except in cases ascertained by law, and according to the form which the same has prescribed; and no person shall be punished but

[1] 16 Ala. App. 38.

by virtue of a law established and promulgated *prior to the offense and legally applied"* (emphasis supplied).

[7] That a law, enacted subsequent to the commission of a crime, which provides a greater punishment than was annexed to the crime when it was committed, or that applies the penalty with greater severity, cannot be applied to such crime is a universally recognized rule of constitutional law. Bloodgood v. Cammack, 5 Stew. & P. 276; Elliott v. Mayfield, 4 Ala. 417; Eliza v. State, 39 Ala. 693; Aaron v. State, 39 Ala. 684; Hart v. State, 40 Ala. 32, 88 Am. Dec. 752; Morgan v. State, 47 Ala. 36; Caldwell v. State, 55 Ala. 133; Brown v. State, 115 Ala. 74, 22 South. 458.

The correlated rule, equally as well established, is, if a statute, subsequently enacted, reduces the punishment annexed to a crime, or applies the punishment with less rigor, it is applicable to offenses committed prior to its enactment. Turner v. State, 40 Ala. 21.

[8-10] The provisions of the act of February 18, 1919, in so far as they are pertinent to the question now presented, are:

"Section 1. * * * That, in the trial of any felony for which the court is authorized to fix the punishment, the punishment shall be fixed by the trial court as hereinafter provided.

"Sec. 2. That, in all cases in which the punishment fixed by the statute is imprisonment *in the penitentiary,* and in which a maximum and a minimum term is prescribed, the court shall pronounce upon the defendant an indeterminate sentence of imprisonment in the penitentiary for a term not less than the minimum and not greater than the maximum fixed by the statute for such offense, *stating in such sentence the minimum and maximum limits thereof.* * * *

"Sec. 4. Whenever the minimum term of sentence of any person imprisoned in the state penitentiary shall have expired, it shall be the duty of the warden of such prison where such person is imprisoned, to send the record of such prisoner to the board of pardons, and if, from such record, the board of pardons is reasonably satisfied that such person will remain at liberty without violating the law, then such board of pardons shall authorize the release of such person under parole, and such person shall thereupon be allowed to go upon parole outside of the prison walls upon such terms and conditions as the board may prescribe, but *while on parole, such person shall be in the legal custody and under the control of the warden of the penitentiary until the expiration of the maximum time specified in his sentence,* as hereinbefore provided, or until his pardon by the Governor. * * *

"Sec. 10. Nothing herein contained shall be construed to impair the power of the Governor to grant a pardon or parole or a commutation of sentence in any case."

(Emphasis supplied.)

It is manifest that this statute does not undertake to annex a penalty to any offense denounced by the laws of this state, or in any respect change the penalties prescribed for the punishment of crime, but merely authorizes a different application of penalties prescribed by existing statutes, by authorizing an indeterminate sentence in lieu of a fixed and definite sentence. It is equally as clear that when an indeterminate sentence is imposed in accordance with this act, the convict is subject to be kept at penal servitude (unless sooner relieved therefrom by pardon or parole by the Governor) until the maximum term of the sentence expires, and although paroled by the board of pardons under the provisions of the act on expiration of the minimum term, the convict is still in the custody of the warden of the penitentiary and subject to arrest and reincarceration during the existence of the maximum sentence. Ex parte Claude Rogers, ante, p. 172, 82 South. 785.

[11] The trial court, in pronouncing the sentence in this case, proceeded on the theory that the court was without discretion in fixing the minimum and maximum term of the sentence, but was required by the mandate of the act to fix the minimum at the minimum time, and the maximum at the maximum time, prescribed by the statute as a punishment for the offense. If this is a correct interpretation of the statute, there can be no doubt that it requires a more rigorous application of the penalty to the offense than was required by the law previous to the enactment of the statute, and at the time of the commission of the offense of which the appellant was convicted, and the application of this statute to such offense would impinge his constitutional rights.

The language of the statute is:

"The court shall pronounce upon the defendant an indeterminate sentence in the penitentiary for a term *not less* than the minimum and *not greater* than the maximum fixed by the stat-

17 Ala.App.—12

ute for such offense, *stating in such sentence the minimum and maximum limits thereof."*

This does not mean that the minimum must not be greater than the minimum fixed by the statute, or that the maximum shall not be less than the maximum term fixed by the statute as a penalty for the offense. We think it reasonably clear that the discretion of the court to fix the punishment commensurate with the gravity of the offense is in no way interfered with, and the requirements of its mandates are met when the minimum and the maximum term is fixed within the minimum and maximum time prescribed by the statute declaring the penalty. It is equally as clear that this act in no way interferes with the authority of the Governor to commute the sentence of the convict, under the provisions of section 7514 of the Code of 1907. The legislative purpose, as evidenced by the provisions of this act, is to hold out to the convict an incentive to good behavior and reform, and on the basis of a good record to ameliorate his punishment; and no reason exists, so far as we can see, why its beneficent provisions should not be extended to those who are convicted for offenses committed previous to its enactment, as well as to subsequent offenses. We therefore hold that the act is applicable to this case.

The court, however, fell into error in fixing the minimum at one year in the penitentiary. Under section 7620 of the Code of 1907, if the sentence is for one year, or less, it must be to hard labor for the county. Ex parte Brown, 102 Ala. 179, 15 South. 602; Ex parte Goucher, 103 Ala. 305, 15 South. 601; Evans v. State, 109 Ala. 11, 19 South. 535; Ex parte Thomas, 113 Ala. 1, 21 South. 369; Minto v. State, 9 Ala. App. 95, 64 South. 369.

For the errors pointed out, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.