(88 South. 184)

### BAKER v. STATE.   (6 Div. 739.)

(Court of Appeals of Alabama.   Jan. 18, 1921.)

1. CRIMINAL LAW ☞1090(14) — WITHOUT BILL OF EXCEPTIONS, CHARGES CANNOT BE REVIEWED.

The oral charge of the court, and the given and refused charges, though set out on appeal on the record proper, cannot be reviewed; there being no bill of exceptions.

2. CRIMINAL LAW ☞1208(9) — SENTENCE SHOULD BE INDETERMINATE IN FORM, WHERE THERE ARE MINIMUM AND MAXIMUM PENALTIES.

Under Acts 1919, p. 148, it was improper, on conviction of a felony, for which there were minimum and maximum penalties, for the court to sentence to imprisonment for three years, but an indeterminate sentence for a term not less than the minimum and not greater than the maximum should be pronounced.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

John Baker was convicted of grand larceny, and he appeals.   Affirmed as to the judgment of conviction, but reversed and remanded for proper sentence.

No counsel marked for appellant.

J. Q. Smith, Atty. Gen., for the State. No brief came to the Reporter.

BRICKEN, P. J.   [1] This appeal is upon the record proper without bill of exceptions. The oral charge of the court, and the given and refused charges are set out, but, in the absence of a bill of exceptions, cannot be reviewed. The record, as far as the judgment of conviction is concerned, is without error, and it follows that the judgment of conviction must be affirmed.

[2] The court erred, however, in passing sentence upon the defendant, by not complying with the statute (Acts 1919, p. 148), which provides that, in the trial of any felony for which the court is authorized to fix the punishment, and in all cases in which the punishment fixed by statute is imprisonment in the pententiary, and in which a maximum and minimum term is prescribed (which applies to this case), the court shall pronounce upon the defendant an indeterminate sentence of imprisonment in the penitentiary for a term not less than the minimum and not greater than the maximum fixed by the statute for such offense, and must state in such sentence the minimum and maximum of the sentence so fixed, or, in other words, the limits thereof.   Rogers v. State, ante, p. 175, 83 South. 359.

In the instant case the court sentenced this defendant to "perform hard labor for the state for three years in the state penitentiary."   It follows, as before stated, that the judgment of conviction appealed from is affirmed, except as to the part of the judgment imposing sentence.   As to such part, the judgment is reversed, and the cause remanded, that the defendant may be sentenced in conformity to the requirements of law.

Affirmed in part, reversed in part, and remanded.

---

(88 South. 185)

### JACKSON v. STATE.   (6 Div. 737.)

(Court of Appeals of Alabama.   Jan. 18, 1921.)

CRIMINAL LAW ☞1090(14)—WITHOUT BILL OF EXCEPTIONS, CHARGE CANNOT BE REVIEWED.

In the absence of a bill of exceptions, the written charges of the court cannot be reviewed.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Will Jackson was indicted on a charge of burglary and receiving stolen property knowing it to have been stolen.   There was a verdict and judgment of guilty under the second count, and from the judgment, defendant appeals.   Affirmed.

Benton & Bentley, of Bessemer, for appellant.

J. Q. Smith, Atty. Gen., for the State.

SAMFORD, J.   There is no bill of exceptions, and hence the written charges refused by the court will not be considered. The grounds of demurrer were all general, and were properly overruled.   We find no error in the record, and the judgment of conviction is affirmed, except as to the sentence. Cause remanded for proper sentence in conformity to law.   John Baker v. State, ante, p. 668, 88 South. 184.

Affirmed in part, reversed in part, and remanded.