(88 South. 184)

### BAKER v. STATE. (6 Div. 738.)

(Court of Appeals of Alabama. Jan. 18, 1921.)

CRIMINAL LAW ⬤⇒1208(9) — INDETERMINATE SENTENCE PROPER, WHERE THERE ARE MINIMUM AND MAXIMUM PENALTIES.

In a prosecution for a felony, for which minimum and maximum penalties are prescribed, an indeterminate sentence, etc., should under Acts 1919, p. 148, be imposed, and a sentence for a fixed term is improper.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

John Baker was convicted of crime, and he appeals. Affirmed as to conviction, and reversed and remanded for proper sentence.

J. Q. Smith, Atty. Gen., for the State.

MERRITT, J. This appeal is upon the record proper without bill of exceptions. The record appears to be free from error as far as the judgment of conviction is concerned. There was error, however, in sentencing the defendant to a fixed term of imprisonment in the penitentiary. Acts 1919, p. 148, provide that in cases of this character an indeterminate term of imprisonment must be imposed. See John Baker v. State, ante, p. 668, 88 South. 184. The judgment of conviction is affirmed. Under authority of the Baker Case, supra, the cause must be reversed, for proper sentence in conformity to law.

Affirmed in part, reversed in part, and remanded.

(88 South. 185)

### JACKSON v. STATE. (6 Div. 736.)

(Court of Appeals of Alabama. Jan. 18, 1921.)

CRIMINAL LAW ⬤⇒1208(9) — INDETERMINATE SENTENCE PROPER, WHERE THERE ARE MINIMUM AND MAXIMUM PENALTIES.

In a prosecution for a felony, for which minimum and maximum penalties are prescribed, an indeterminate sentence, etc., should, under Acts 1919, p. 148, be imposed, and a sentence for a fixed term is improper.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Will Jackson was convicted of crime, and he appeals. Affirmed as to conviction, and reversed and remanded for sentence.

J. Q. Smith, Atty. Gen., for the State.

BRICKEN, P. J. This appeal is upon the record proper without bill of exceptions. The record appears to be free from error as far as the judgment of conviction is concerned. There was error, however, in sentencing the defendant to a fixed term of imprisonment in the penitentiary. Acts 1919, p. 148, provide that in cases of this character an indeterminate term of imprisonment must be imposed. See John Baker v. State, 88 South. 184.[1] The judgment of conviction is affirmed. Under authority of the Baker Case, supra, the cause must be reversed, for proper sentence in conformity to law.

Affirmed in part, reversed in part, and remanded.