TYSON, Judge.
James Edward Taylor appeals from his conviction in the circuit court for sexual abuse in the second degree, for which he was sentenced to one year in the county jail and was ordered to pay a fine in the amount of $500. He was also ordered to pay $250 to the Victims Compensation Fund, court costs, and his attorney’s fees.
He gave notice of appeal and was placed under an appeal bond of $7500. The facts of this case show that the victim was a female between the age of 12 and 15 years, whose private parts were fondled. This occurred in Montgomery County, Alabama.
Appellant admitted that his attorney had discussed the range of punishment and that his rights to a full trial under Boykin v. Alabama were fully explained to him. All of the foregoing was in complete compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and as to range of punishment under Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973).
There is but one issue on appeal and that is whether the trial court was correct in ordering this appellant to pay a $250 fine or penalty to the Victims Compensation Fund. The argument centers around an interpretation of § 15-23-17(b), Code of Alabama 1975, as amended June 17, 1990.
The State argues that, because this offense occurred and the appellant pleaded guilty before the Act in question, § 15-23-17(b), was amended (by 1990 Ala.Acts, No. 90-470, April 18, 1990) he can be convicted of a misdemeanor and assessed a penalty or fine between $25 and $1,000 to be paid to the Crime Victims Compensation Fund.
The appellant’s counsel argues that in considering Ex parte Lewis, 556 So.2d 370 (Ala.1989), the Alabama Supreme Court indicated the assessment in that case to be in the nature of an additional fine.
The appellant was indicted on March 14, 1990, for the Class A misdemeanor of sexual abuse in the second degree. At that time, the relevant portion of the Alabama Crime Victims Compensation Act provided:
“In addition to the imposition of any other costs, penalties or fines imposed pursuant to law, any person convicted or pleading guilty to a felony shall be ordered to pay a victim compensation assessment of not less than $25.00, nor more than $10,000.00, for each such felo *965 ny for which such person was convicted.”
Ala.Code 1975, § 15-23-17(b).
This section was amended, effective April 18, 1990, to include misdemeanors:
“In addition to the imposition of any other costs, penalties or fines imposed pursuant to law, any person convicted or pleading guilty to a felony or a misdemeanor shall be ordered to pay a victim compensation assessment of not less than $50.00, nor more than $10,000.00, for each such felony for which such person was convicted and not less than $25.00, nor more than $1,000.00, for each such misdemeanor for which such person was convicted or otherwise disposed of when the court orders that- costs be paid.”
1990 Ala.Acts, No. 90-470 (April 18, 1990).
The appellant pleaded guilty on July 11, 1990, and was sentenced on August 1, 1990. As part of the sentence, the trial court ordered the appellant to pay $250 to the Victims Compensation Fund.
“Any law that changes the punishment and inflicts a greater punishment than the law annexed to the crime when committed is unconstitutional as an ex post facto law.” Taylor v. City of Decatur, 465 So.2d 479, 481 (Ala.Cr.App.1984). See also Cox v. State, 394 So.2d 103, 106 (Ala.Cr.App.1981). “That a law, enacted subsequent to the commission of a crime, which provides a greater punishment than was annexed to the crime when it was committed, or that applies the penalty with greater severity, cannot be applied to such crime is a universally recognized rule of constitutional law.” Rogers v. State, 17 Ala.App. 175, 176, 83 So. 359 (1919). “Absent a clear expression in the Statute to the contrary, we think the law applicable at the time of the offense was intended to govern the offense, the offender, and all proceedings incident thereto, and we so hold.” Bracewell v. State, 401 So.2d 123, 124 (Ala.1979).
Since the trial court improperly and without authority ordered the appellant to pay $250 to the Victims Compensation Fund, this case must be remanded for proper sentencing.
REMANDED FOR PROPER SENTENCING.
All the Judges concur.
ON RETURN TO REMAND
TYSON, Judge.
On March 1, 1991, this court remanded this cause to the circuit court with instructions to resentence the appellant because he had been improperly ordered to pay $250 to the Victims’ Compensation Fund.
Pursuant to our order of remand, the circuit court has now conducted a hearing as directed and resentenced the appellant as follows:
“4-2-91. Hearing was held this date from an appeal from the Court of Criminal Appeals. Defendant was re-sentenced. The Court having asked the Defendant if he had anything to say as to why sentence of law should not now be pronounced upon him, and the Defendant having his say, the Court sentenced the defendant to 1 year in the Montgomery County Detention Facility and to receive credit for time already served. Defendant upon being released is to be placed on LEVEL III Supervised Probation with the following conditions:
“1. Pay a fine of $250.00.
“2. Court costs.
“3. Attorney fees, including appeal.
“4. Take random drug screens.
“5. Make monthly payments of $15.00 on the 1st of each month.
“6. Have no further contact with the victim.
“No payment to the Victims Compensation Fund and no restitution.”
“/s/ Eugene W. Reese
“Circuit Judge”
In view of the above, this court is of the opinion that this cause is due to be, and the same is hereby, affirmed.
AFFIRMED.
All the Judges concur.