PATTERSON, Judge.
The appellant, Sherry Ash Moore, was convicted on two indictments of unlawful distribution of marijuana, in violation of § 13A-12-211, Code of Alabama 1975. Moore was sentenced for each conviction to two years’ suspended sentence, enhanced by five years’ imprisonment because the sale occurred within a three-mile radius of a school, § 13A-12-250, and by an additional five years’ imprisonment because the sale occurred within a three-mile radius of'a public housing project owned by a housing authority, § 13A-12-270. The sentences for the two convictions were to run concurrently.
Moore contends, as her sole issue, that the three-mile radius requirements of §§ 13A-12-250 and -270 violate her right to equal protection. However, we need not address this issue, because implicit in the issue is the jurisdictional question of whether Moore should have even been sentenced under these provisions. Because of the nature of this question, we address it even though it was not raised below. See Ex parte Vinson, 615 So.2d 655, 656 (Ala.Cr.App.1992) (citing Ex parte Brannon, 547 So.2d 68, 68 (Ala.1989)) (wherein the court stated that “when a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level in order to preserve that issue for appellate review”). We conclude that these provisions do not apply to Moore.
The predecessor to the current § 13A-12-250 mandated an additional five years’ imprisonment if the sale, of the controlled substance occurred within one mile of a school. See Ala. Acts 1987, Act No. 87-610, p. 1060 (first codified at § 20-2-79 and later transferred to § 13A-12-250). This one-mile-radius requirement became effective on July 23,1987, and remained in effect until May 19, 1989. On that latter date, § 13A-12-250 was amended to change the one-mile radius to a three-mile radius. See Ala. Acts 1989, Act No. 89-950, p. 1872. Also in that date — May 19, 1989 — the act mandating a five-year sentence for a sale of a controlled substance within three miles of a public housing project owned by a housing authority became effective. See Ala. Acts 1989, Act No. 89-951, p. 1873 (codified at § 13A-12-270).
Moore was clearly sentenced under the latter version of § 13A-12-250 (with the three-mile-radius requirement) and under *957 § 13A-12-270, both of which became effective on May 19, 1989. However, the testimony elicited at trial shows that one sale occurred on April 5, 1989, and the other sale occurred on April 8 or April 10, 1989. Because the sentencing provisions utilized to sentence Moore were not in effect at the time the sales occurred, Moore’s sentences must be vacated. “That a law, enacted subsequent to the commission of a crime, which provides a greater punishment than was annexed to the crime when it was committed, or that applies the penalty with greater severity, cannot be applied to such crime is a universally recognized rule of constitutional law.” Taylor v. State, 586 So.2d 964, 965 (Ala.Cr.App.1991) (quoting Rogers v. State, 17 Ala.App. 175, 176, 83 So. 359, 360 (1919)).
Accordingly, this cause is remanded with the instructions that the trial court resen-tence Moore, enhancing her sentence pursuant to that version of § 13A-12-250 that was in effect on the date of the sale, i.e., the one-mile radius. The circuit court shall take all action directed in sufficient time to permit the circuit court to make a proper return to this court at the earliest possible time and within 30 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.