TOM PLACHY v. THE STATE.

No. 6851.    Decided April 5, 1922.

**1.—Selling Intoxicating Liquor—Indictment—Statutes Construed.**

Where, upon trial of selling intoxicating liquor, defendant moved to quash the indictment upon the proposition that Chapter 61, Acts Second Called Session of the Thirty-Seventh Legislature so changed the law as to render same inoperative upon offenses of similar character as this, which were committed prior to the taking effect of the said amendatory chapter, the same was correctly overruled.

**2.—Same—Indictment—Verdict—General Verdict—Two Counts in Indictment.**

Where the indictment charged two counts, one for unlawful possession of intoxicating liquor and the other for selling intoxicating liquor, and there

was a general verdict of guilty, the same will be upheld as under the count for selling intoxicating liquor, the other count being defective.

### 3.—Same—Ex Post Facto Law—Rule Stated—Rule of Evidence Changed.

It is well settled in this State that a law which alters the rules of evidence applicable in a given case so that under the new law less or different testimony is required to convict the offender than was required at the time of the commission of the offense, must be held an *ex post facto* law, and not applicable upon the trial of one for an offense committed prior to the taking effect of such new enactment. Following Calloway v. State, 7 Texas Crim. App., 585, and other cases.

### 4.—Same—Case Stated—Statutes Construed—Accomplice—Charge of Court—Purchaser.

The Dean Law which was in operation November 2, 1921, made the purchaser of intoxicating liquor punishable, and when used as a witness such purchaser was an accomplice, and this construction of the law must continue to prevail as to all violations thereof which occurred prior to the taking effect of the amendment to Chapter 61, supra; and where the court failed to submit a charge on accomplice testimony, as to the purchaser of the liquor, the same was reversible error.

### 5.—Same—Ex Post Facto Law—Rules of Evidence—Rule Stated.

An *ex post facto* law is one which imposes a punishment for an act which was not punishable when it was committed, or imposes additional punishment or changes the rules of evidence by which less or different testimony is sufficient to convict.

### 7.—Same—Ex Post Facto Law—Purchaser—Accomplice—Intoxicating Liquor.

Where, upon trial of the unlawful sale of intoxicating liquor which was committed prior to November 15, 1921, at which time the amended law went into effect, the case of the State depended upon the testimony of the purchaser of the liquor, the removal of the purchaser of intoxicating liquor from the ranks of accomplice testimony by the amended statute clearly makes possible a conviction on less evidence, and the court should have submitted the rule of the former law that the purchaser of liquor is an accomplice and that his testimony must be corroborated before a conviction can be upheld.

### 8.—Same—Witness—Accomplice—Charge of Court—Requested Charge.

Where, upon trial of selling intoxicating liquor, nothing appeared in the record indicating that a certain state's witness had any criminal connection with the purchase of said liquor, but only showed that he may have taken a drink of said liquor, he is not an accomplice, and there was no error in refusing a requested charge thereon.

### 9.—Same—Argument of Counsel—Admonition of State's Counsel.

This court regrets that it is so often called upon to review argument of counsel of matters *de hors* the record, and which should not be used in order to obtain convictions.

### 10.—Same—Cross-Examination—Defendant as a Witness.

When one accused of crime becomes a witness in his own behalf, he is subject to the same character of cross-examination as any other witness.

11.—Same—Charge of Court—Practice in Trial Court—Sale of Intoxicating Liquor.

Where complaint was made of the fact that in the charge of the court the trial court recited the various ways in which the Dean Law might be violated, while not reversible error, the better practice is that where one is charged with the selling of intoxicating liquor to state to the jury in the charge that the accused is on trial for such offense.

Appeal from the District Court of Wharton. Tried below before the Honorable M. S. Munson.

Appeal from a conviction of selling intoxicating liquor; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*S. F. Rowan*, for appellant.—On question of amendment to the statute: Cox v. State, 234 S. W. Rep., 531; Lee v. State, 235 id., 1094.

On question of charging different ways of violating the statute: Clubb v. State, 14 Texas Crim. App., 192; Perkins v. State, 128 S. W. Rep., 133; Maloney v. State, 125 id., 36.

On question of improper argument, Roach v. State, 232 S. W. Rep., 504; Stalling v. State, 234 id., 914.

On question of accomplice: Nunnally v. State, 234 S. W. Rep., 391; Ratcliff v. State, 229 id., 857.

*R. G. Storey*, Assistant Attorney General, for the State.—Cited cases in opinion.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Wharton County of the offense of selling intoxicating liquor, and his punishment fixed at four years in the penitentiary.

Appellant made a motion to quash the indictment herein based upon the proposition that Chapter 61, Acts Second Called Session of the thirty-seventh Legislature, so changed the law of this State as to render same inoperative upon offenses of similar character as this, which were committed prior to the taking effect of the said amendatory chapter, supra. His contention is that Sections 2c and 2d of said chapter are ex post facto laws, and that they so affect the entire law as amended, as to prevent the punishment of persons for violations of the Dean Law, which violations were committed prior to November 15, 1921. We do not agree with appellant. Granting that as to prosecutions for offenses committed anterior to November 15, 1921, those who were then accomplice witnesses must still be treated as such, and that a defendant in such a case is entitled to file an application for a suspended sentence, and upon recommendation of the jury to receive same no matter what may be his age, still this would not justify us in holding that as to such prior offenses there is no longer a law punishing same.

By an indictment returned November 24, 1921 and which alleges the date of the offense as November 2, 1921, appellant was charged with the offense of selling intoxicating liquor to one Wooley. Two counts appear in the indictment, the second of which charges the the unlawful possession of intoxicating liquor but does not allege that such possession was for the purpose of sale, and under the uniform holding of this court said second count charged no offense. This being true, the motion of the appellant to quash said second count should have been sustained, and the issues submitted to the jury should have related to the offense charged in the first count. However a general verdict of guilty was rendered which, under well established rules, would be upheld by us as under the first count in said indictment.

It was alleged and proved on the trial that whisky was sold by appellant to said Wooley. The latter testified as a witness for the State. The Dean Law which was in operation on November 2, 1921, made the purchaser of intoxicating liquor punishable, and when used as a witness this court has uniformly held such purchaser to be an accomplice. This construction of the law must continue to prevail as to all violations thereof which occurred prior to the taking effect of said Chapter 61, supra. An examination of said amendatory statute discloses that Sec. 2c thereof reads as follows:

"Upon a trial for a violation of any of the provisions of this Chapter, the purchaser, transporter, or possessor of any of the liquors prohibited herein shall not be held in law or in fact to be an accomplice, when a witness in any such trial. " Said amendatory Act became effective November 15, 1921, or about two weeks after date of the alleged offense herein charged against appellant. An exception was taken to the charge of the court below in this case because same did not submit to the jury the law of accomplice testimony as applicable to the witness Wooley, and in this connection we observe that the trial court refused a special instruction on the law of accomplice testimony telling the jury that the witness Wooley was an accomplice and must be considered by them as such. We are not informed by any qualification to any bill of exceptions as to the reason for such failure and refusal on the part of the trial court. It may have been that the learned trial judge was of the opinion that the amendatory act, supra, having gone into effect prior to the time of the instant trial, that Sec. 2c above quoted was applicable. We are of opinion that such a conclusion would be error.

It seems well settled in this State that a law which alters the rules of evidence applicable in a given case, so that under the new law less or different testimony is required to convict the offender than was required at the time of the commission of the offense, must be held an ex post facto law and not applicable upon the trial of one for an offense committed prior to the taking effect of such new enactment.

Calloway v. State, 7 Texas Crim. App. 585; Valesco v. State, 9 Texas Crim. App. 76; Johnson v. State, 16 Texas Crim. App. 402; 8 Cyc 1027; Baker v. State, 11 Texas Crim. App. 262; Ex parte Hunt, 28 Texas Crim. App. 362; McInturf v. State, 20 Texas Crim. App. 335.

Section 16, Article 1 of our Constitution inhibits ex post facto laws. Supporting its definition by reference to numerous decisions of most of the states of the Union, as well as of the Supreme Court of the United States, Cyc. gives the following: ''An ex post facto law is one which imposes a punishment for an act which was not punishable when it was committed, or imposes additional punishment, or changes the rules of evidence by which less or different testimony is sufficient to convict.'' See 8 Cyc. p. 1027. In Hart v. State, 40 Ala. 32, 88 Am. Dec. 752, the passage of a statute doing away with the requirement that an accomplice be corroborated, was held ex post facto in a prosecution for an offense committed prior to the enactment of such law. So in Goode v. State, 50 Fla. 45, 39 So. 461, a law which modified an existing rule of evidence by making proof of delivery of intoxicating liquor to a person by the accused, prima facie proof of ownership, was held to be ex post facto. So also in State v. Grant, 79 Mo. 113, 49 Am. Rep., 218, a law removing the incompetence to testify of one who had been convicted of petty larceny was held ex post facto when such evidence was offered on the trial of one for an offense committed prior to the enactment of such statute.

Agreeing to the definition of ex post facto law as above given, and applying the rule of reason to its application in the instant case, we observe that the removal of the purchaser of intoxicating liquor from the ranks of accomplice testimony by statute, clearly makes possible a conviction on less evidence. A, the seller, could not formerly be convicted on the testimony of B, the purchaser, except some other person corroborate B. Under the rule now obtaining since the passage of said amendatory act, supra, A, the seller, can be convicted on the testimony of B, the purchaser, alone. This brings the instant case squarely within the rule laid down in Calloway et al. cases, supra, and will necessitate a reversal herein because of the failure and refusal of the court to apply the law of accomplice testimony to the witness Wooley.

Appellant sought to have the question of accomplice testimony as applicable to the witness O'Bannon submitted to the jury. We have carefully examined the record. We find nothing therein calling for such submission. O'Bannon was in the car with Wooley and remained in the car while Wooley went into appellant's house and bought the liquor. His testimony was corroborative of that of Wooley, but nothing appears in the record indicating any criminal connection on the part of O'Bannon with said purchase. The fact that he may have taken a drink of said liquor after its purchase by Wooley,

would not have made him an accomplice or sufficiently raised that question to call for its submission to the jury.

The record contains several bills of exception reserved to the argument of the State's attorney of such character as to render same .improper. This court regrets that it is so often called upon to review arguments of matters dehors the record and which should not be used in order to obtain convictions. We will not set out or further discuss said argument in view of the fact that the case must be reversed for reasons above stated, but we trust such argument will not be indulged in again.

We find nothing wrong in the cross-examination of appellant while on the witness stand. When one accused of crime becomes a witness in his own behalf, he is subject to the same character of cross-examination as any other witness.

Complaint is made of the fact that in the charge the trial court recited the various ways in which the Dean Law might be violated. We are unable to perceive any reversible error in such action, but in our opinion it is not necessary to enumerate in the charge all the ways in which said law may be violated. It is sufficient where one is charged with selling intoxicating liquor to state to the jury in the charge that the accused is on trial for such offense. It can serve no useful purpose to state all of the things that are made violations of the law by the terms of the statute.

For the error above mentioned the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*