### J. H. HANSON v. THE STATE.

#### No. 6958. Decided May 10, 1922.

Rehearing granted January 31, 1923.

**1.—Unlawful Transportation of Intoxicating Liquor—Appeal Bond—Statutes Construed—Misdemeanor—Felony.**

The latter part of Article 918, C. C. P., with reference to appeal bond in misdemeanors, provides that the same must be approved by the sheriff or the judge trying the case, while Article 904 C. C. P., in appeals from felony cases, requires the appeal bond to be approved both by the sheriff and the judge, and where the appeal bond in the instant case was not approved by the trial judge the same conferred no jurisdiction on this court. However, the same having been corrected the appeal is reinstated and tried upon its merits.

**2.—Same—Accomplice Testimony—Statutes Construed—Expost Facto.**

It is not necessary to construe Section C., of the amended law of the Thirty-seventh Legislature, as to the purchaser, etc., of intoxicating liquor, further than to advert to the fact that it changed the rule of evidence with reference to an accomplice witness, and therefore did not apply in the trial of the instant case because it related to a transaction occurring prior to the time the amendment took effect, and it being an expost facto law it was necessary for the court to charge upon accomplice testimony. Following, Plachy v. State, 239 S. W. Rep., 979, and other cases, and the judgment must be reversed and the cause remanded.

Appeal from the District Court of Shackelford. Tried below before the Honorable W. R. Ely.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

R. G. *Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted for unalwfully trans-

porting intoxicating liquor, and his punishment assessed at confinement in the penitentiary for a term of three years.

The court in which conviction was had adjourned on December 30, 1921. No recognizance was entered into by appellant during the term, but on January 13, 1922, he executed his appeal bond under the provisions of Article 904 C. C. P. The bond is approved by the sheriff, but fails to show approval also by the judge before whom the case was tried. The latter part of said Article 904 reads as follows:

"Before such bail bond shall be accepted and the defendant released from custody by reason thereof the same must be approved by such sheriff *and* the court trying said cause, or his successor in office."

Some confusion seems to have arisen because of the different requirements for appeal bonds in misdemeanors as provided in Article 918 C. C. P., and in that for felony cases in Article 904. The latter part of Article 918 providing for appeal bonds in misdemeanors requires that such bond must be approved by the Sheriff *or* the judge trying the cause, while Article 904, providing for appeal bonds in felony cases requires them to be approved both by the sheriff *and* the judge. (Sweak v. State, No. 6634, opinion delivered March 29, 1922).

The appeal bond in the instant case being defective in the particular heretofore pointed out, no jurisdiction is conferred upon this court, and it will be therefore necessary to order a dismissal of the appeal.

*Dismissed.*

ON REHEARING.

January 31, 1923.

HAWKINS, JUDGE.—The appeal was at a former day dismissed because of a defective appeal bond. This has been corrected and the appeal will be reinstated and the case now considered on its merits.

Appellant was convicted of unlawfully transporting intoxicating liquor, his punishment being assessed at three years confinement in the penitentiary.

The indictment alleges the offense to have been committed on the 24th day of August, 1921. The proof shows the transaction out of which this prosecution grew to have occurred on that date, which it will be observed was before the amendment of the Thirty-seventh Legislature, (1st and 2d C. S., page 233) became operative, the amendment not going into effect until the 15th day of November, 1921. The case was tried at the December term of court, 1921. Practically all the State's evidence is from the witness Paul Payne. He testified that upon the date in question at Breckenridge in Stephens County appellant inquired of witness if he knew of anyone going to Albany in Shackelford County, and was informed that witness was going; that after appellant got in witness's car they went by appellant's house and there, with the help of witness, appellant brought out and placed in the truck a five-gallon milk can full of whisky; that on the way to

Albany it was agreed that witness,—being better acquainted with parties in Albany who might desire to purchase whisky than appellant,—would sell it and the proceeds be divided, which was done. Upon this testimony the conviction in this case rests. Payne had himself been indicted for transportation of the whisky; had been convicted and a suspended sentence recommended. In the amended law of the Thirty-seventh Legislature (1st and 2d C. S., page 233) in Section 2c it is provided "upon a trial for a violation of any of the provisions of this chapter, the purchases, transporter, or possessor of any of the liquors prohibited shall not be held in law or in fact an accomplice when a witness in any such trial." The trial judge incorporated the provision just quoted in his charge and declined a special requested charge on the subject of accomplice testimony. It is not necessary in the disposition of this case to construe Section 2c above quoted, but is only necessary to advert to the fact that if it changed the rule of evidence with reference to an accomplice witness it did not apply in the trial of the instant case because it related to a transaction occurring prior to the time the amendment took effect. Whatever may be the effect of the amendment in question it was an "expost facto" law affecting appellant's rights, because the witness Payne was an accomplice both in law and fact under the law at the date of the commission of the offense. The conviction can not be sustained. Plachy v. State, 91 Texas Crim. Rep., 405, 239 S. W. Rep., 979; Phillips v. State, 92 Texas Crim. Rep., 317, 244 S. W. Rep., 146 are direct authority.

The judgment of the trial court must be reversed and the cause remanded.

*Reversed and remanded.*