DAN EDWARDS v. THE STATE.

No. 7335.   Decided January 17, 1923.

**Selling of Intoxicating Liquor—Accomplice—Corroboration.**

Where defendant was indicted for selling intoxicating liquor, and the sale took place prior to the adoption of the amendment to the Dean law which went into effect November 15, 1921, the purchasers occupy the attitude of accomplices, and a conviction thereon could not be upheld unless there be other evidence besides that of said accomplices tending to connect the accused with the offense charged, and there being no such other testimony the judgment must be reversed and the cause remanded.

Appeal from the District Court of Liberty. Tried below before the Honorable D. F. Singleton.

Appeal from a conviction of selling intoxicating liquor; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

J. B. *Pickett, Jr.,* for appellant.—Cited, cases in the opinion.

R. G. *Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Liberty County of the offense of selling intoxicating liquor and his punishment fixed at one year in the penitentiary.

The undisputed proof in the record shows a sale of a small quantity of liquor to two young men at the same time in September, 1921, each of whom contributed to the purchase. The occurrence having taken place prior to the adoption of the amendment to the Dean Law, which went into effect November 15, 1921, the purchasers occupy the attitude of accomplices, and however full and conclusive their testimony might be, a conviction thereon could not be upheld unless there be other evidence besides that of said accomplices tending to connect the accused with the crime charged. Plachy v. State, 91 Texas Crim. Rep., 405, 239 S. W. Rep., 979. The only other evidence appearing in the record is, in substance; that a few days after said alleged sale the sheriff and other parties went to the residence occupied by appellant and his family and that they there found ten gallons of milo maze mash, a can and a piece of little rubber hose, such as is ordinarily used in connection with syringes. This piece of hose and the mash and the can were found in a little outhouse on the premises. A bottle containing a small quantity of what was claimed to be corn whisky was found in the house. This is apparently all the testimony upon which the State can rely for corroboration of said accomplices. We do not believe the evidence measures up to the standard required by the law in such cases. No witness, save the accomplices themselves, saw appellant make the sale or do any act relative thereto, nor is any statement of his in this connection offered in evidence. His connection with the apparatus or articles mentioned above is a deduction based solely on the fact that they were found on his premises. What other persons lived on said premises or had access thereto is not stated. In our opinion this evidence is not sufficient to justify or support a verdict incarcerating a citizen of this State, white or black, in the penitentiary for any term.

For the reason that there is no sufficient corroborative testimony to that of said accomplices the judgment of conviction must be reversed and it is so ordered.

*Reversed and remanded.*