## Ras DeHart v. The State.

No. 7408.  Decided February 7, 1923.

**Selling Intoxicating Liquor—Suspended Sentence.**
Where, upon trial of unlawfully selling intoxicating liquor, the suspended sentence law was applicable to the offense at the time, although the alleged offender was above the age of twenty-five years, the court should have submitted the question to the jury, and a refusal to do so was reversible error. Following Plachy v. State, 91 Texas Crim. Rep., 405.

Appeal from the District Court of Jasper. Tried below before the Honorable V. H. Stark.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*J. B. Forse,* for appellant. On question of charge of the court, Brown v. State, 242 S. W. Rep., 218.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for the unlawful sale

of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The date of the offense was December 1920. Under the law in force at the time the offense is charged to have been committed, the Suspended Sentence Law, Article 865b, Code of Crim. Procedure, was applicable to the offense, although the alleged offender be above the age of twenty-five years. The appellant was above that age. He sought to avail himself of the privilege of having the jury pass upon his application for a suspension of his sentence. This was refused. It should have been accorded. The amendment of the law by Chap. 61, Acts of the Thirty-seventh Legislature, brought forward in Vernon's Tex. Stat., 1922, Sec. 588¼, in which the right of suspended sentence was denied to offenders over the age of twenty-five years, could have no application to the offense committed before that law took effect. To make it so operate would classify it as an ex post facto law. The subject is discussed at more length in Plachy v. State, 91 Texas Crim. Rep., 405. The Assistant Attorney General concedes the error.

The judgment must be reversed and the cause remanded, and it is. so ordered.

*Reversed and remanded.*