### H. W. Barnes v. The State.

No. 6236. Decided May 4, 1921.

Rehearing denied May 25, 1921.

**1.—Murder—Continuance—Want of Diligence—Motion for New Trial.**

In the absence of any affidavit supporting the motion for a new trial, the trial court did not abuse his discretion in overruling the motion for new trial or the application for a continuance, even if there was not a want of diligence.

**2.—Same—Confession—Sufficiency of the Evidence—Charge of Court.**

Where, upon trial of murder, the evidence included defendant's confession and was strongly supported by circumstantial evidence, the conviction was sustained, although defendant claimed that his contention was not voluntary, this issue having been properly submitted to the jury.

**3.—Same—Special Venire—Order of Court—Nunc Pro Tunc—Practice in Trial Court.**

Where the court, at the request of State's counsel, ordered a writ for a special venire, and reduced it to writing at the time, showing the setting

of the case and the action taken by him, there was no error in entering the same *nunc pro tunc*, on a motion to quash the venire. Following English v. State, 34 Texas Crim. Rep., 198, and other cases.

**4.—Same—Rehearing—Special Venire—Order Nunc Pro Tunc.**

Where, upon appeal from a conviction of murder, the record showed that the trial judge, at the time of making the order for a special venire, made a written memorandum showing the order, its date, and the number of veniremen ordered, but that this was not noted on what he terms the "trial sheet," nor entered in the minutes at the time it was made, but that this was done by order *nunc pro tunc*, there was no reversible error.

Appeal from the Criminal District Court of Tarrant. Tried below before the Honorable Geo. E. Hosey.

Appeal from a conviction of murder; penalty, fifty years imprisonment in the penitentiary.

The opinion states the case.

*Mays & Mays,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, and *Jesse M. Brown,* Criminal District Attorney, for the State.—Cited cases in opinion.

MORROW, Presiding Judge.—The conviction is for murder; punishment fixed at confinement in the penitentiary for a period of fifty years.

The deceased was a motorman on the street-car, and was shot and killed at night-time. The motive, according to the theory of the State, was robbery. Persons attracted by the firing and the burning of the fuse in the car saw the appellant near the scene of the tragedy. He gave them the name of Meyers. He was subsequently arrested and, on several occasions, denied any connection with the crime. He also made three written statements, in two of which he explained his presence near the scene of the homicide by, in substance, stating that he was in company with one Mason; that after their separation he heard the shots and saw a light at the car; that he was not present, took no part in the killing but arrived after deceased was shot. He subsequently made a detailed confession of the killing, which, by circumstances, was sufficiently corroborated. The defense of insanity was interposed.

An application for a continuance was overruled, and the court's action thereon is made the subject of complaint. The offense was committed about the middle of October. Appellant was arrested soon thereafter and indicted on the 4th of November. He arranged with attorneys who prepared and filed an application for a writ of *habeas corpus* and remained connected with the case for a time, after which they withdrew, and upon their withdrawal, were appointed by the court to represent the appellant. Attached to the application there was a *subpoena* for one, Frank Mason, issued the 13th of November

and returned, not executed, on the 15th of the same month, the day on which the case was called for trial. The trial was concluded on the 17th.

The diligence was contested. The appellant's knowledge of the materiality of Mason's testimony was known from the beginning. Mason's residence is charged to have been in the City of Fort Worth. No satisfactory reason is given for the delay in applying for process for him, nor is it shown that his attendance could not have been procured by the issuance of new process at the beginning of the trial. It is claimed in the contest that Mason was a fictitious person, and while no evidence of this was adduced in connection with the contest, it was not without support during the trial of the case. In testing the soundness of the trial court's position in refusing to continue or to grant a new trial, the evidence controverting the identity of the alleged absent witness is available. Sargent v. State, 35 Texas Crim. Rep., 336; Branch's Ann. Tex. Penal Code, Sec. 321.

The other evidence adduced upon the trial, in connection with the absence of any affidavits supporting the motion for a new trial, must also be considered on appeal. With these matters in mind, we are of the opinion that we would not be warranted in finding that, in overruling the application for a continuance, even if the diligence were not insufficient, the trial court abused its discretion. It was claimed in the application that by the testimony of one of two girls. whom appellant claimed in the application to have been present on Saturday night preceding the homicide on Sunday evening, he could account for the location of a certain pistol scabbard with which he was connected and which was material in the case; and that the account given by the girl would be consistent with his innocence. This account is in conflict with his testimony on the trial. No subpœna was issued for either of these girls. In his application he charges that their names were unknown; in his testimony he says that one of them was named Catharine, and he also named two other residents of the City of Fort Worth who, if the appellant's theory is accepted, would have known the girls and known their whereabouts. He said that during the trial he had seen in the courtroom a person who knew the girls. In addition to this he claims that Mason knew. No reason is given for the failure to ascertain their names, either from Mason or the other persons mentioned; nor is it shown that any effort was made during the time intervening between his arrest and the trial to learn the names and whereabouts of the alleged witnesses; and the record furnishes ample support of the theory that the evidence could not, in fact, be made available upon another trial, and that its truth was not probable.

No question is made of the sufficiency of the evidence to convict the appellant. His confession is definite and in detail. It is fortified by many circumstances which we deem it unnecessary to relate further than to say that they show the presence of the appel-

lant at the scene of the crime immediately after its commission, his false statement as to his identity, his subsequent conduct in seeking to avoid detection, and his contradictory statements. An issue was made touching the voluntary character of the confession. Appellant supported his theory that it was not voluntary by his own testimony. His credibility was impeached by proof of numerous instances in which he had been charged with other offenses involving moral turpitude, and his testimony upon the subject and the circumstances under which the confession was made, and which went to discredit it, were controverted by numerous witnesses. The issue thus made, as to the voluntary character of the confession, was submitted to the jury in charges prepared by appellant's attorneys and determined against him.

Complaint is made of the action of the court concerning the special venire. The court, at the request of State's counsel, on the 5th of November, ordered the Clerk to issue a venire writ designating, at the time, the number of men and fixing the return day, and at the time reduced to writing a memorandum showing the setting of the case and the action above mentioned. The venire was drawn, the writ issued and the veniremen summoned in accordance with the law, save at the time of making the order, it was not entered upon the trial sheet of the court's docket. Upon the presentation of a motion to quash the venire, preliminary to the trial, the court entered *"nunc pro tunc,"* the order outlined in Article 658 of the Code of Criminal Procedure, stating therein the same facts that have heretofore been detailed. The veniremen were regularly summoned, 189 appeared for service; and the jury was selected. No question is raised but that they were qualified and fair. The sole contention made is that the court, having failed to record the order at the time it was made, the proceeding was void and not to be remedied by the entry of the order *nunc pro tunc.* Practically the same question was decided by this court in an opinion written by Presiding Judge Hurt, in the case of English v. State, 34 Texas Crim. Rep., 198, from which we quote:

"This is a conviction for murder of the second degree, with punishmen assessed at confinement in the penitentiary for thirty-five years. Upon application of the county attorney, a venire was ordered for 100 jurors, to be returnable on the 14th day of August, 1894. This order was made by the court, and entered upon the court's docket, but was not carried into the minutes by the clerk. A venire was issued in conformity with the order. After the return thereon, the minutes were made to conform to the order. In this there was no error."

The same ruling was made by the Supreme Court of Alabama in Hawes v. State, 88 Ala. Rep., 38. The general power of the trial court by the entry *nunc pro tunc* to make the record speak the truth has been discussed in the case of Bennett v. State, 80 Texas Crim. Rep., 662. In the instant case, it appears that the court regularly made the order at the proper time and made a written memorandum

of it. The parties acted under it and, in obedience to the writ regularly issued, the veniremen attended. No right accorded the appellant by the statute has been denied him and no injury to him is claimed. The court has hitherto, upon questions similar in their character raised against special venire or the special venire writ, made rulings conflicting with appellant's present contention. Harrelson v. State, 60 Texas Crim. Rep., 538; Roberts v. State, 30 Texas Crim. App., 291; Murray v. State, 21 Texas Crim. App., 466; Harris v. State, 6 Texas Crim. App., 97.

No errors appearing, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

May 25, 1921.

MORROW, Presiding Judge.—Appellant insists that on original hearing, error was committed in holding that the judgment was not vitiated by the action of the trial court touching the special venire. The bill of exceptions, as qualified, shows the following:

" . . . this cause was set for trial on the 5th day of November at the request of counsel for the State; that immediately thereupon the court ordered the clerk to issue the writ of venire; that the court instructed the clerk as to the number of men and the date of return thereof; that the court with a deputy sheriff and a deputy district clerk drew the number of men ordered in said writ; that the court has a written memorandum showing a setting of cases together with the date, number of veniremen ordered."

The statute requires that the clerk shall enter in the docket the proceedings and the date thereof. · See Code of Crim. Procedure, Art. 650. The court is empowered to amend the record according to the truth. Revised Statutes, Art. 2015. When an order has been made, which is not entered in the minutes of the court, the entry can be made *nunc pro tunc.* Burnett v. State, 14 Texas, 455, wherein the record is made to show, by order *nunc pro tunc,* the return of the indictment by the grand jury. Rhodes v. State, 29 Texas, 188; Bennett v. State, 80 Texas Crim. Rep., 662. The necessity and requisites of an order for a special venire are set out in the statute, but no special manner is provided for making a record of the order at the time it is made. See Code of Crim. Procedure, Art. 655-658. It seems in the case before us that the judge, at the time of the order, made a written memorandum showing the order, its date and the number of venire men ordered, but that this was not noted on what he terms the "trial sheet," nor entered in the minutes at the time it was made, but that this was done by order *nunc pro tunc.* The office of an order *nunc pro tunc* is to make a present record of something previously done though not recorded. Assuming that the entry may not be made

except there be some written evidence of the original order, the bill before us, in our judgment, reveals the compliance with this requirement. There was a written memorandum made by the judge at the time, and in addition thereto a venire writ issued by the clerk at the time the order was made certifying, under the seal of the court, that the order had been made.

We have been referred to no new authorities in the motion for rehearing, and after giving due consideration to the arguments therein advanced, we are unable to find basis for a different conclusion from that expressed in the original opinion.

The motion is overruled.

*Overruled.*