JOHN CHANDLER v. THE STATE.

No. 6265.   Decided May 11, 1921.

1.—Intoxicating Liquors—Unlawful Possession—Precedent.

Where the questions presented in the motion to quash the indictment are the same heretofore decided against the defendant, they will not be considered. Following Ex Parte Gilmore, 88 Texas Crim. Rep., 529.

2.—Same—Separate Offense—Former Conviction—Carving.

The contention of appellant that his conviction in another case of the offense of the unlawful sale on intoxicating liquors would preclude his conviction for the possession of such liquor, is not sound, and there being no facts in the record from which this court can conclude that the identity of the transaction would prevent the carving of two offenses, there was no reversible error in overruling defendant's motion. Following Todd v. State, 88 Texas Crim. Rep., 99, recently decided.

3.—Same—Accomplice—Purchaser—Charge of Court.

Where, upon trial of having in his possession intoxicating liquors in violation of the law, the conviction depended upon the testimony of the purchaser of said liquor, the same cannot be sustained without corroboration; besides, it was questionable whether the testimony showed defendant's guilt. Following Franklin v. State, 88 Texas Crim. Rep., 342.

Appeal from the District Court of Kaufman.   Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of the unlawful possession of intoxicating liquors; penalty, imprisonment for one year in the penitentiary.

The opinion states the case.

Wynne & Wynne, for appellant.—On question of Carving: Etheridge v. State, 172 S. W. Rep., 1031; Thomas v. State, recently decided.

R. H. Hamilton, Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful possession of intoxicating liquors.

The questions presented in the motion to quash the indictment are the same heretofore ruled upon in the case of Ves Banks v. State, recently decided, and Ex parte Gilmore, 88 Texas Crim. Rep., 529, 228 S. W. Rep., 199.

We think the contention of appellant that his conviction in another case of the offense of the unlawful sale of intoxicating liquors would preclude his conviction for the possession of such liquors is not sound. Ordinarily, it is conceived that one unlawfully possessing a quantity of intoxicating liquor for sale, and thereby committing the offense of unlawful possession of such liquors, could not plead a conviction of such offense in bar of a prosecution for the unlawful sale of such liquors or a part thereof, and so the sale of the liquors unlawfully would not bar a conviction for the unlawful possession. The offenses are not the same, nor do they consist in the same act. No facts are found in the record from which we can conclude that the identity of the transaction would prevent the carving of two offenses. (Todd v. State, 88 Texas Crim. Rep., 99, 229 S. W. Rep., 515).

The evidence relied on is the statement of the witness Holley to the effect that on the 3rd of October he, in company with one, Jenkins, went to the home of John Chandler. They failing to find him there, sought him elsewhere, and made inquiry whether he knew where they could buy whisky. He replied that there was a cotton picker on his premises named Slim who would sell them whisky, and that if they would call Clyde Chandler, he would communicate with Slim. The witness left the appellant and saw Clyde and Slim and discussed the purchase of the whisky. Slim went to the house. Later Clyde called the witness, who went into a room and found whisky in fruit jars. The witness took some of the whisky and left the money to pay for it.

Jenkins testified that he and Holley went to the home of appellant. Failing to find him, they went to the house of one Hanie, where they found him. Holley talked to Chandler, but Jenkins did not hear the conversation. They returned to Chandler's house and Holley, Clyde Chandler and Slim went to a well, he thought, and then back to the house. After leaving, Holely had some whiskey. Jenkins' testimony, does not, we think, tend to connect appellant with the possession of the whisky. Appellant was not at the place where the whisky was obtained. Jenkins heard him make no statements concerning it. The full measure of his testimony is that, while he and Holley were together, they saw the appellant and Holley converse; that appellant was not at his home; that after Holley conversed with appellant, Jen-

'kins and Holley went to appellant's home; that Holley was there in company with Clyde Chandler and Slim, and later was in possession of some whisky. Aside from the testimony of the accomplice Holley, the record fails to disclose any fact which in our judgment, tends, in a legal sense, to connect the appellant with the possession of the liquor. Holley purchased the liquor, according to his testimony, from Clyde and Slim. In making the purchase, he committed an offense himself and aided them in doing so. His status as an accomplice witness, we think, could not be made the subject of controversy. Franklin v. State, 88 Texas Crim. Rep., 342, 227 S. W. Rep., 486. Even if it were not so, we think it is more than questionable whether his testimony shows that the appellant was guilty of the offense charged. The evidence is not, in our opinion, sufficient.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*