**DOBSON et al. v. CAMPBELL et al.**
**(No. 8099.)**

(Court of Civil Appeals of Texas. Galveston. Jan. 25, 1922. Rehearing Denied Feb. 16, 1922.)

1. **Appeal and error ⟨Key⟩877(7)—Assignments of error that intervener not appealing should have had judgment not considered.**

Where one intervening as a defendant did not appeal from the judgment, appealing defendants could not assign as error that judgment should have been rendered for intervener.

2. **Appeal and error ⟨Key⟩1180(3)—The right to money paid attorney for executor ceased on determination on appeal that the executor never qualified.**

Where money was paid to the attorney of executors for the executors, one of whom never became an executor, and the other not until a year after the payment of the money to the attorney, and on decision by an appellate court that the judgment on which the payment was

founded was erroneous and that the widow of the deceased became entitled thereto, the right of the attorney to the money ceased.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

After the district court directed payment of money to C. R. Wharton, attorney for John F. Baber and George B. Dobson, executors of J. E. Galbraith, and on appeal it was held that Baber and Dobson were not entitled to recovery as representatives of the estate of J. E. Galbraith, and judgment was given vesting the money in the surviving wife of Galbraith, who, under the name of Bessie Campbell McLemore, brought action against George B. Dobson and C. R. Wharton, and on her death Virginia A. Campbell and another were substituted as parties plaintiff, and later John F. Baber intervened. From judgment for plaintiffs against defendants George B. Dobson and C. R. Wharton, and that John F. Baber take nothing by his intervention, defendants George B. Dobson and C. R. Wharton appeal. Affirmed.

Rodman S. Cosby and Fouts & Patterson, all of Houston, for appellants.

Moody & Boyles and L. C. Phelps, all of Houston, for appellees.

GRAVES, J. [1] On April 19, 1915, the district court of Harris county directed the payment of $818.90 to C. R. Wharton, attorney for John F. Baber and George B. Dobson, executors of J. E. Galbraith, and Mr. Wharton, on June 21, 1915, received the amount from and so receipted the clerk of that court; afterwards, however, upon the appeal of the cause. this court, in reforming and affirming the judgment of the trial court, held that Baber and Dobson had not shown themselves entitled to the recovery as representatives of the estate of J. E. Galbraith, the capacity in which it had been awarded them, and rendered judgment vesting that sum in the then surviving wife of Galbraith. For a full statement of the facts affecting the matter as it then stood, see this court's opinion, reported under the style of Baber v. Galbraith (Tex. Civ. App.) 186 S. W. 345.

The judgment of this court so decreeing the money to the surviving wife of Galbraith having become final, she, on October 13, 1917, under the name of Bessie Campbell McLemore, which she had acquired by a subsequent marriage, filed the suit now at bar against George B. Dobson and C. R. Wharton to recover the money, setting up the facts recited, and further alleging that they still retained and refused to pay over the money to her. She died before the suit was disposed of, and the appellees here, Mrs.

Campbell and Mrs. Johnson, her only heirs, became parties plaintiff through the trial court's order substituting them for her. They filed amended pleadings to the same effect as hers had been, averring that John F. Baber was a nonresident of Texas, that he lived in New York, and for that reason they had not made him a party defendant in the proceeding.

Defendants Dobson and Wharton answered by demurrer and denial, both general, plea of limitation, and specially averred that the money was one-half of a certain sum expended by Galbraith during his lifetime for the benefit of the community property of his wife and himself, that it had been withdrawn from the court by Wharton, as attorney for Baber, executor of Galbraith's estate, praying that no recovery be had against them, but, if any should be, that it run in favor of Baber as executor.

On June 21, 1920, John F. Baber intervened, alleging that in the year 1916 he had been appointed executor of the estate of Galbraith; that Galbraith had expended $1,687.80 for the benefit of their community property after the original plaintiff herein was divorced from him, that no part of same had been repaid to him by her, or her heirs, and that he was entitled to recover in this suit judgment for one-half of such sum.

Plaintiffs thereupon denied the averments of the intervention, and pleaded both the two and four years' statutes of limitation against the cause of action therein declared upon.

A trial resulted in a judgment for the plaintiffs against the defendants for the amount sued for, and that Baber take nothing by his intervention, to which they all three excepted. The two defendants have appealed, but the intervener has not.

Appellants have filed here four assignments of error, through which they contend that no judgment should have been rendered against them, and that one in favor of the intervener Baber should have been entered. In so far as concerns Baber, however, since he acquiesced in the correctness of the trial court's judgment by not perfecting an appeal therefrom, manifestly the assignments present nothing for review by this court. For the same reason, the limitation urged below by the appellees against his claim, and whether or not it was shown to be good, has become immaterial.

As to appellants themselves, the appeal

238 S.W.—21

cannot prevail, for the outstanding reason that the $1,687.80 expended by Galbraith for the benefit of their community property after the divorce between his wife and himself was not paid out of his own funds, as appellants assume in their assignments, but by their admission below, and, as found to be the fact by the trial court, was paid out of their community funds; obviously, therefore, no claim could arise in his favor against the owner of the other one-half of the community estate on account of such payment. There is no other basis for their claim of a right to retain the half of that expenditure here involved.

[2] But they further urge that the money was withdrawn from the registry of the court by Mr. Wharton as attorney for John F. Baber, executor, that Wharton's possession was that of an agent for such executor, who, in law and good morals, was entitled to it, and that the appellees had neither legal nor equitable right or title thereto. The record likewise fails to sustain the premises of this position also. It is quite true that in the Baber v. Galbraith cause above cited the trial court ordered the $818.90 paid to Mr. Wharton as attorney for George B. Dobson and John F. Baber, as executors for Galbraith, but in fact, as this court determined on the appeal of that proceeding, neither of these individuals was at that time executor of the estate of Galbraith. Indeed, by the undisputed facts, Dobson never became such an executor at all, and Baber did not become such until more than a year after the receipt of this money by Mr. Wharton. The sole basis on which it was received and receipted for by him was thus removed. None of the subsequent proceedings have in any material respect changed the character of his holding. It goes without saying that his possession at its inception, having been pursuant to the order of the trial court in the matter then before it, was legal and proper, but when this court on the appeal of that cause determined that the judgment was erroneous, that such possession was not legally that of Baber, executor, who did not then exist, and that Galbraith's widow was entitled to the money, Mr. Wharton's right to the money ceased and determined, as the court below in the present suit rightfully held.

All assignments have been overruled, and the trial court's judgment affirmed.

Affirmed.