### ALZARIA WYATT v. THE STATE.

#### No. 6749. Decided March 15, 1922.

**1.—Intoxicating Liquors—Manufacture—Suspended Sentence—Constitutional Law.**

Where defendant in due time and manner filed his application for a suspended sentence and also presented to the trial court a special charge and requested the submission of said issue to the jury which was refused by the court, the same was reversible error. Following Carr v. State, 89 Texas Crim. Rep., 245.

**2.—Same—Constitutional Amendment—Statutes Construed.**

The constitutional amendment to article 16 of the Constitution of the State, as adopted May 24, 1919, relates solely to matters transpiring between the adoption of said amendment and the passage of the so-called Dean Law, which latter makes no reference directly or indirectly inhibiting the right of suspended sentence in case of a conviction under any of its provisions; and the refusal to submit the question of susplended sentence was, therefore, reversible error.

Appeal from the District Court of Newton. Tried below before the Honorable V. H. Stark.

Appeal from a conviction of unlawful manufacture of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Wightman & Forse,* and *G. E. Richardson,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Newton County of the offense of manufacturing intoxicating liquor, and his punishment fixed at confinement in the penitentiary for one year.

Appellant in due time and manner filed his application for a suspended sentence, and also presented to the trial court a special charge requesting the submission of said issue to the jury. This was refused by the trial court, and appellant's bill of exceptions taken thereto is qualified by the statement of the learned trial judge to the effect that a certain subdivision of Section 20 of Article 16 of the Constitution of Texas provides in effect that one charged with the manufacture of intoxicating liquor shall not have the benefit of any law providing for a suspension of sentence. The question here presented has not been directly treated in any opinion of this court.

An examination of the constitutional amendment to said Article 16 of the Constitution of this State, as adopted on May 24, 1919, and made effective by the proclamation of the Governor on July 3, 1919, discloses that subdivision (c) of said section twenty is as follows:

"This amendment is self-operative and until the Legislature shall prescribe other or different penalties, any person acting for himself or in behalf of another, or in behalf of any partnership, corporation or association of persons, who shall, after the adoption of this amendment, violate any part of this constitutional provision, shall be deemed guilty of a felony, and shall, upon conviction in a prosecution commenced, carried on and concluded in the manner prescribed by law in cases of felonies, be punished by confinement in the penitentiary for a period of time not less than one year nor more than five years, without the benefit of any law providing for suspended sentence. And the district courts and the judges thereof, under their equity powers, shall have the authority to issue, upon suit of the Attorney General, injunctions against infractions or threatened infractions of any part of this constitutional provision." Subsequent to the adoption of said amendment to our Constitution the Legislature passed what is commonly known as the Dean Act in which they defined and penalized many acts relating to the liquor traffic, including the manufacture of such liquor. Said Legislative Act does not either directly or indirectly inhibit the right of suspended sentence in case of a conviction under any of its provisions. In Carr's case, 89 Texas Crim. Rep. 245, we held that the refusal of the trial court to submit the issue of suspended sentence in a case involving a violation of the Dean Act was reversible error. Reverting to that portion of the constitutional amendment quoted above, we observe that it relates solely to matters transpiring between the adoption of said amendment and the passage of laws by the Legislature upon the subject matter therein embraced. It is our conclusion that the use of the language "without the benefit of any law providing for suspended sentence" must be restricted to such prosecutions for violations of said constitutional amendment as arose and were prosecuted prior to the passage of the Dean Law and while we were in this State without other law upon the subject, or other methods of procedure

thereon, than such as were contained in said self-operative constitutional amendment. We have no doubt at all upon this matter.

The appellant herein having asked for the submission of the issue of a suspended sentence in manner and form as required by our statute, and same having been refused by the trial court, this constitutes such error as necessitates a reversal of this cause, and it is so ordered.

*Reversed & remanded.*