DENNIS PHILLIPS v. THE STATE.

No. 6847. Decided October 11, 1922.

1.—Selling Intoxicating Liquor—Amendment of Statute—Accomplice—Corroboration.

Where the sale upon which the prosecution is based occurred prior to the amendment of the law when the purchaser was an accomplice, and the trial occurred thereafter, yet it is necessary that where the evidence of conviction depended upon the accomplice testimony, that the same

should be corroborated, and a failure to do this is reversible error.

**2.—Same—Ex Post Facto Laws—Statutes Construed.**

The amendment by the Thirty-Seventh Legislature, as to the non-corroboration of accomplice's testimony, is an *ex post facto* law, as it applies to offenses committed prior to its enactment. Following Plachy v. State, 239 S. W. Rep., 979.

Appeal from the District Court of Angelina. Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of illegal sale of intoxicating liquor, penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*E. J. Conn,* and *Fairchild & Redditt,* for appellant.—Cited Chandler v. State, 231 S. W. Rep., 107; Thomas v. State, 230 id., 158; Franklin v. State, 277 id., 486; and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor. Punishment, three years in the penitentiary.

The sale upon which the prosecution is based occurred prior to the amendment of the law by the Thirty-seventh Legislature, when the purchaser was an accomplice. The trial however was had after the amendment became effective, under which the purchaser is no longer an accomplice. The only two witnesses testifying for the State were joint purchasers. Appellant contends that the law as it existed when the offense was committed controls, and that in the absence of corroborative testimony the trial judge should have given the requested instruction to return a verdict of "not guilty." Plachy v. State, 91 Texas Crim. Rep., 405, 239 S. W. Rep., 979 holds that the amendment by the Thirty-seventh Legislature in an *ex post facto* law as it applies to offenses committed prior to its enactment, and is direct authority for appellant's contention. It however had not been decided when the instant case was tried.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*