Roy Ennis v. The State.

No. 7179.   Decided November 29, 1922.

**Selling Intoxicating Liquor—Accomplice—Corroboration.**

Where, under the law prevailing at the time of the commission of the offense, the purchaser of intoxicating liquor was an accomplice, a conviction could not be had upon the uncorroborated testimony of one accomplice or any number of such accomplices, and both of State's witnesses being accomplices under this theory of the case, the judgment of conviction cannot be sustained.

Appeal from the District Court of Shelby.   Tried below before the Honorable Chas. L. Brachfield.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*D. M. Short & Sons,* for appellant.—Cited Chandler v. State, 89 Texas Crim. Rep., 309.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Shelby County of the offense of selling intoxicating liquor, and his punishment fixed at confinement in the penitentiary for a period of one year.

The only complaint presented here is the insufficiency of the testimony.   An examination of the statement of facts discloses that but two witnesses testified for the State.   The date of the offense as charged in the indictment was November, 1919, and the indictment was returned in February, 1920.   Under these facts it is evident that the case must be tried under the Law as it existed prior to the amendment to the Dean Act in 1921.   From this it follows that under the Law necessarily prevailing in the trial of this case the purchaser of intoxicating liquor was an accomplice, and a conviction could not be had upon the uncorroborated testimony of one accomplice, or any number of such accomplices.   Both the witnesses who testified for the State admitted themselves participants in the purchase of the intoxicating liquor in question.   Both had contributed money to make up an aggregate sum used in the purchase of said liquor.   Both of said witnesses were thus accomplices within the meaning of our law.   There being no testimony corroborative of that of said accomplices, the conviction of appellant was contrary to the law and must be reversed.   Townsend v. State, 90 Texas Crim.

Rep., 552; Chandler v. State, 89 Texas Crim. Rep., 399; Phillips v. State, 241 S. W. Rep., 146.

For the reason mentioned the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*