JOE WIMBERLY v. THE STATE.

No. 7197.   Decided December 6, 1922.

**1.—Transporting Intoxicating Liquor—Former Statute.**

Where the date of the offense was anterior to the amendment of the so-called Dean law, defendant had the right to be tried under the law in force at the time the offense was committed, and, where his demand was overruled, the same was reversible error.   Following Plachy v. State, 91 Texas Crim. Rep., 405, 239 S. W. Rep., 980.

**2.—Same—Accomplice—Charge of Court—Former Statute.**

Where, upon trial of unlawfully transporting intoxicating liquor anterior to the amendment of the so-called Dean law, defendant requested an instruction on accomplice testimony, within the meaning of article 801, C. C. P., and by proper procedure reserved an exception to the denial of his request, the same was reversible error, and the court was not justified in determining as a matter of law that the witness did not come within the purview of the statute relating to accomplice witness.

Appeal from the District Court of Blanco.   Tried below before the Honorable J. H. McLean.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The appeal is from a judgment condemning the appellant to confinement in the penitentiary for a period of one year for the offense of unlawfully transporting intoxicating liquor.

The date of the offense is July, 1921, anterior to the amendment of the so-called Dean Law, by the enactment of Chapter 61, Acts of the Thirty-seventh Legislature, 2nd Called Session.

For proof of the main criminating facts, the State relied upon the testimony of Alva George and Guy Maddox.   Maddox found a tengallon keg about two-thirds full of whisky upon the premises of George. He drew part of the whisky, moved the keg some little distance and reported the finding to George.   The keg, at the time it was discovered, was hidden in the bushes.   Maddox and George removed the keg deeper into the thicket, took out part of the whisky and put it in a jug which they deposited upon the premises of George.

The appellant, Wimberly, came to the home of George and inquired about the whisky.   George told him that it had been found and went with him to locate it.   Wimberly, in George's presence, put the whisky in his automobile and carried it away.

In Chapter 78 of the Acts of the Thirty-sixth Legislature, 2nd Called Session, the possession of intoxicating liquor, with certain qualifications, was made penal.  In Chapter 61, supra, said Chapter 78 was amended and modified though not repealed.  Ex parte Mitchum, 91 Texas Crim. Rep., 62, 237 S. W. Rep., 937.

Appellant, in the instant case, demanded that he be tried under the law in force at the time the offense was committed.  To this he was entitled.  Plachy v. State, 91 Texas Crim. Rep., 405, 239 S. W. Rep., 980.

He also insists that the court should have instructed the jury to determine whether or not the witnesses George and Maddox were accomplice witnesses within the meaning of Article 801 of the Code of Criminal Procedure, and by proper procedure reserved an exception to the denial of this request.  The connection of the witnesses mentioned with the transaction was not such, we think, as justified the trial court in refusing to give the instruction mentioned.  The keg of whisky was 'upon the premises of the witness George.  See Article 888¼00.  Its presence there is not explained.  Apparently it was concealed.  He and Maddox took possession of it and carried it deeper into the thicket, drank part of it, and took part of it to the house occupied by George. It was to the witness George that the appellant came when he desired to transport the liquor. George accompanied him to its hiding-place and to that extent aided in its transportation.  The record does not so clearly exculpate the witnesses George and Maddox from criminal participation in the offense as justified the trial court in determining, as a matter of law, that they did not come within the purview of the statute relating to accomplice witnesses.

Because of the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*