ALZARIA WYATT v. THE STATE.

No. 7526. Decided March 7, 1923.

**Manufacturing Intoxicating Liquor—Suspended Sentence.**

Where, upon trial of manufacturing intoxicating liquor, the indictment alleged the date of the offense to have been December 27, 1920, and after announcing ready for trial the defendant filed a written instrument that he elected to be tried under the old law, and filed an application for suspended sentence, which the court declined to submit, the same was reversible error. Following Plachy v. State, 239 S. W. Rep., 979, and other cases.

Appeal from the District Court of Newton. Tried below before the Honorable V. H. Stark.

Appeal from a conviction of manufacturing intoxicating liquor; pen-alty, one year imprisonment in the penitentiary.

The opinion states the case.

*J. B. Forse,* and *G. E. Richardson,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Upon conviction for manufacturing intoxicat-ing liquor, appellant's punishment was fixed at one year imprisonment in the penitentiary.

This is the second time the case has been before us for review. Our former opinion will be found reported in 91 Texas Crim. Rep., 299, 238 S. W. Rep., 665. The indictment alleged the date of the of-

93 T. C.—39

fense to have been December 27, 1920. The evidence confirms this as the true date. Before announcing ready for trial appellant filed a written instrument advising the court that he elected to be tried under the law as it was in December, 1920. An application for suspended sentence was filed and proof made thereunder requiring its submission. The learned trial judge declined to submit it on the ground that appellant was more than twenty-five years of age, believing Section 2d of the Acts of the Thirty-seventh Legislature, 1st and 2d Called Sessions, p. 233, amending the liquor law, would apply. In this the court was in error. After the passage of what is known as the "Dean Law" and up to the time said amendment became effective, parties accused of the violation of its provisions were entitled to the benefit of the suspended sentence regardless of their age. Plachy v. State, 91 Texas Crim. Rep., 405, 239 S. W. Rep., 979; Brown v. State, 92 Texas Crim. Rep., 147, 242 S. W. Rep., 218; Phillips v. State, 92 Texas Crim. Rep., 317, 244 S. W. Rep., 146; Wimberly v. State, 93 Texas Crim. Rep., 93, 245 S. W. Rep., 431; Ennis 1. State, 93 Texas Crim. Rep., 44, 245 S. W. Rep., 435; Cortinas 1. State, 93 Texas Crim. Rep., 52, 245 S. W. Rep., 911. For violations thereof occuring after November 15, 1921,—that being the date upon which the amendments of the Thirty-seventh Legislature became effective,—parties over twenty-five years of age were deprived of the suspended sentence. Appellant should have been tried under the law in operation at the date of the alleged offense, and thereunder had the right to have the question of a suspended sentence submitted for the jury's decision, although he was more than twenty-five years of age.

The judgment must therefore be reversed and the cause remanded.

*Reversed and remanded.*