### J. H. HIGHTOWER v. THE STATE.

No. 7606. Decided April 4, 1923.

1.—Possessing Intoxicating Liquor—Sufficiency of the Evidence.

Where, upon trial of possessing intoxicating liquor for the purpose of sale, the evidence sustained the conviction there is no reversible error.

2.—Same—Bill of Exceptions—Question and Answer Form.

Where the bill of exceptions was in question and answer form, the same cannot be considered on appeal. Following Jetty v. State, 90 Texas Crim. Rep., 346; and other cases.

Appeal from the Criminal District Court of Tarrant. Tried below before the Hon. George E. Hosey.

Appeal from a conviction of possessing intoxicating liquor for the purpose of sale; penalty, three years in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the Criminal District Court of Tarrant County of the offense of possessing in-

toxicating liquor for the purpose of sale, and his punishment fixed at three years in the penitentiary.

The indictment herein contains two counts, one charging the sale of liquor and the other its unlawful possession for the purpose of sale. The latter count only was submitted in the charge of the court. The evidence seems amply sufficient to justify the conviction. Two witnesses testified that they went to appellant's place near Handley in Tarrant county, Texas, on two occasions on the same day. On the first occasion they observed in the bottom part of a piano in the house of appellant two gallon jars of whisky, each appearing to be half full. They bought a quart of whisky from him at the time. Later that night they returned to appellant's place and made a more extended investigation and search. They found a gallon bottle empty sitting on the inside of the room where the piano was and found a gallon jug out in the yard near the road about half full of whisky. The intoxicating quality of the liquor was testified to. The officers also testified that about two hundred yards from appellant's house there was a furnace built up with a place dug out under it for a fire, and not far from the furnace was a copper cooker but that they found no coil. It was also in testimony that near the house were numerous jars and bottles that looked as if they had been recently emptied, and examination and smelling of them was made the basis of testimony that there was a little whisky apparently in each and the odor of liquor was upon all. The officers testified there were twenty-five or thirty different sized bottles and containers there.

There is but one bill of exceptions in the record which is entirely in question and answer form, and under the authorities of this State same can not be thus considered. Jetty v. State, 90 Texas Crim. Rep., 346, 235 S. W. Rep., 589; Huey v. State, 235 S. W. Rep. 887; Romez v. State, 90 Texas. Crim. Rep., 346, 245 S. W. Rep. 914. The matters in said bill of exceptions, if considered, would be of no avail to appellant.

Finding no error in the record, the judgment of the trial court is affirmed.

*Affirmed.*