### HENRY LEE v. THE STATE.

#### No. 7626.  Decided April 18, 1923.

**Selling Intoxicating Liquor—Accomplice—Purchaser.**

Where, upon trial of unlawfully selling intoxicating liquor in September, 1921, the State relied upon the evidence of the purchaser, and the possession of the whisky was explained that it was used as medicine by the wife of

defendant under the advice of a physician, the possession of the liquor some time antecedent to the alleged date was not sufficient to meet the requirement of the law to show corroboration of the accomplice, and the judgment must be reversed and the cause remanded.

Appeal from the District Court of Cass.  Tried below before the Hon. Hugh Carney.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

R. G. Storey, Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for the unlawful sale of intoxicating liquor to Estelle Barnes; punishment fixed at confinement in the penitentiary for one year.

The date of the offense is laid in September, 1921.  The proof tends to support that averment.  The State relied upon the evidence of the purchaser, Estelle Barnes.  The sheriff testified that in May, 1921, there was found in the possession of the appellant, at least in the smoke-house on his premises, a quart of corn whisky.  The possession of this whisky was explained by the testimony of the wife of the appellant to the effect that she was using it as medicine under the advice of a doctor.  Such was also the testimony of the appellant.  He denied making the sale.  His reputation as a peaceable, law-abiding citizen was proved to be good.

The witness Barnes was an accomplice under the law at the time the offense was charged to have taken place.  See Chandler v. State, 89 Texas Crim. Rep., 297, 231 S. W. Rep. 105; Vernon's Tex. Cr. Stat., Sup. 1922, Vol. 2, p. 583.  The fact that appellant had possession of a quart of whisky some time antecedent to the alleged date of the sale was not alone of sufficient cogency to meet the requirement of the law.  The statute, Art. 801, C. C. P. is to the effect that the testimony of the accomplice is not sufficient to convict and that to support a conviction there must be other testimony tending to connect the appellant with the commission of the offense charged.  There is no suggestion in the record that the whisky that Barnes claimed to have purchased was the same or part of that which was found on the premises of the appellant.

Because of the insufficiency of the evidence to corroborate the accomplice testimony, the judgment is reversed and the cause remanded.

*Reversed and remanded.*