# MAY 1923

## IKE NEWTON v. THE STATE.

### No. 7235.   Decided May 2, 1923.

**1.—Intoxicating Liquor Possession—Indictment.**

A motion to quash the indictment because the law under which same was drawn was in conflict with the Volstead Act was properly overruled. Following Ex parte Gilmore, 228 S. W. Rep., 199.

**2—Same—Continuance—Immateriality of Testimony.**

Where the motion for continuance showed that the absent testimony was immaterial, the same was properly overruled.

**3.—Same—Cross-Examination—Bill of Exceptions.**

Where the bill of exceptions complained that while defendant was witness, he was cross-examined, if he had not sworn, etc; but there was nothing in the bill showing the surroundings, etc., there was no reversible error.

**4—Same—Moral Turpitude—Evidence.**

A question to defendant, while a witness, if he had not been indicted for false swearing within the past six years was not open to objection that

same related to a matter too remote. Following Bibb v. State, 215 S. W. Rep., 312.

### 5.—Same—Complaint—Moral Turpitude—Grand Jury.

Where defendant was asked if he had not been charged in the Justice Court by a complaint for arson, to which objection was made because five grand juries had met and adjourned since, and no bill of indictment had been returned, the objection should have been sustained. Following King v. State, 148 S. W. Rep., 325, and other cases .

### 6.—Same—Bills of Exception—Rule Stated.

Bills of exception which do not show the truth of the facts stated as grounds of objections cannot be considered on appeal. .

### 7.—Same—Evidence—Purpose of Sale.

Upon trial of possession of liquor for the purpose of sale there was no error that the defendant offered a witness a drink of intoxicating liquor.

### 8.—Same—Evidence—Hearsay.

Testimony that a certain party now deceased told a witness that the liquor in question was his, was properly rejected as hearsay. Following Walsh v. State, 85 Texas Crim. Rep., 208 and other cases.

### 9.—Same—Reputation—Practice in Trial Court.

This court knows of no authority holding it proper to ask a witness the question if he knows the good or bad reputation of a party for being a violator of the liquor laws. .

### 10.—Same—Definition of Possession.

The definition of possession that it meant having personal charge of and exercising the right of ownership and control of the liquor in question presents no error.

### 11.—Same—Charge of Court—Accomplice—Prior Law.

Where the transaction took place in May, 1921, prior to the enactment of the amendment to the Dean Law, defendant must be tried under the law as it was at that time, and a witness who has been indicted for the same offense and turns State's evidence occupies the attitude of an accomplice witness, and the court should have instructed upon accomplice testimony. Following Hinds v. State, 11 Texas Crim. App., 238, and other cases.

### 12.—Same—Circumstantial Evidence—Charge of Court.

Where, upon trial of the possession of intoxicating liquor for the purpose of sale, the evidence raised the issue of circumstantial evidence the court should have charged on said phase of the law.

Appeal from District Court of Wood, tried below before the Honorable J. R. Warren.

Appeal from a conviction of the possession of intoxicating liquor for the purpose of sale; penalty, two years in the penitentiary.

The opinion states the case.

*R. E. Bozeman, Jones & Jones,* for appellant.—On question of moral turpitude: Wright v. State, 140 S. W. Rep. 1105; Kauffman, 159 Id., 58.

On question of charge of court on possession, Smith v. State, 234, S. W. Rep., 893.

On question of accomplice; Plachy v. State, 239 S. W. Rep. 979.

On question of circumstantial evidence: Dubose v. State, 10 Tex. Crim. App., 230; Blocker v. State 114 S. W. Rep., 814.

*W. A. Keeling*, Attorney General, *C. L. Stone*, Assistant Attorney General.—On question of moral turpitude, Keets v. State, 175 S. W. Rep., 149; Hamilton v. State, 168 id., 536.

On question of hearsay evidence, Brown v. State 169 S. W. Rep., 437.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Wood County of the possession of intoxicating liquor for the purpose of sale, and his punishment fixed at two years in the penitentiary.

Appellant moved to quash the indictment because the law under which same was drawn was in conflict with the Volstead act. The motion was properly overruled. Ex parte Gilmore, 88 Texas Crim. Rep., 529, 228 S. W. Rep., 199.

Appellant asked for a continuance because of the absence of three witnesses. The bill of exceptions shows that two of them appeared during the trial, and in our opinion the testimony of the third is not material.

By bill of exceptions appellant complains that while he was on the witness stand he was cross-examined to know if he had not sworn that one Dr. Faulk fixed up a bottle of liniment and that the testimony was different from the statements in his application for continuance herein. There is nothing in the bill of exceptions showing the surroundings or conditions that would render this testimony inadmissible and we can not infer injury.

A question to appellant while on the witness stand if he had not been indicted for false swearing within the past six years, was not open to objection that same related to a matter too remote. Bibb v. State, 86 Texas Crim. Rep., 112, 215 S. W. Rep., 312.

Appellant was asked if he had not been charged in the Justice Court by a complaint for arson. Objection was made to this that the matter inquired about was too remote and that five grand juries had met and adjourned since and no bill of indictment had been returned. The objection was well taken. The testimony should not have been admitted. It is held by this court that when a party is charged with a felony by complaint only and sufficient time has elapsed for an indictment and none has been presented, proof that such complaint was made is not admissible to impeach him. King v. State, 67 Texas Crim. Rep., 63, 148 S. W. Rep., 325; Wright v. State, 63 Texas Crim. Rep. 429; Williamson v. State, 74 Texas Crim. Rep., 289, 167 S. W. Rep. 362.

We can not consider appellant's bills of exception Nos. 7 and 10 because there is nothing in either to show the truth of the facts stated solely as grounds of objection.

Proof of the fact that appellant wanted a State witness to drive him out in the country and that he offered said witness a drink if he would take him, would be admissible. One of the facts necessary to sustain the charge of possession of liquor for purposes of sale, is proof of the possession of such liquor. The offer of a drink would strongly suggest appellant's possession of the wherewithal to make good the offer.

Testimony that Tom Painter, now deceased, told a witness that the liquor in question was his, was properly rejected. Same was hearsay. Walsh v. State, 85 Texas Crim. Rep. 208; Staton v. State, 93 Texas Crim. Rep. 356, 248 S. W. Rep. 359.

We know of no authority holding it proper to ask a witness the question if he knows the good or bad reputation of a party for being a violator of the liquor laws.

We think the court's definition of possession, as applicable to this offense, viz: that it meant having personal charge of and exercising the right of ownership and control of the liquor in question, presents no error.

Appellant excepted to the failure of the court to instruct the jury that State witness Rhodes was an accomplice, and also presented a special charge asking that the jury be informed that such law was applicable to his testimony. We observe in the testimony of said witness Rhodes an admission on his part that he was indicted for this transaction in which appellant was involved. He admitted that he drove the car from Alba in Wood county out to the place where the liquor seems to have been obtained; that he saw the sack in which the liquor was afterwards found, between the seats of his car when they left said place; that he heard appellant and Tom Painter discussing the getting of the liquor as they went out to said place; that after the liquor in question was found in the car that he witness, broke a bottle and a jar of it. This transaction took place in May 1921, prior to the enactment of the amendment to the Dean law and must be tried under the law as it was at that time. The law exempting the purchaser, transporter, etc., who testified for the State from being an accomplice, had not been enacted at the time of this transaction. Numerous authorities in this State hold that a witness who has been indicted for the same offense and turns State's evidence, occupies the attitude of an accomplice witness. Hinds v. State, 11 Texas Crim. App. 238; Herring v. State, 42 S. W. Rep., 301; Oates v. State, 48 Texas Crim. Rep. 131; Saye v. State, 50 Texas Crim. Rep. 569. We are of opinion that the trial court erred in not instructing the jury that the witness Rhodes was an accomplice.

There is also serious complaint of the fact that the court refused to

submit the law of circumstantial evidence. In this also we think the learned trial judge in error. Rhodes testified that he drove his car on the date in question out to the home of Mrs. Mathews and drove it up to the side of the house. He sat on the porch for ten or fifteen minutes. When they left the Mathews' place he observed something in a sack between the seats. They met the officers who stopped the car and searched it and found liquor in the sack and under the seat and a bottle in appellant's pocket. Rhodes said he did not know who put the liquor in the car or how it came in there. Appellant denied any guilty connection with it and asserted that Tom Painter, who seems to be now dead, put it in there. The possession by appellant of any other liquor save that of the bottle found in his pocket, is inferable only from the circumstances. In our opinion the law of circumstantial evidence should have been submitted.

For the errors mentioned the judgment of the trial court must be reversed and the cause remanded.

*Reversed and remanded.*