## G. C. Richmond v. The State.

### No. 7430. Decided October 24, 1923.

### Rehearing denied March 5, 1924.

**1.—Possession of Intoxicating Liquor—Sufficiency of the Evidence.**

Where, upon trial of possessing intoxicating liquor for the purpose of sale, the evidence was sufficient to sustain the conviction, there is no reversible error.

**2.—Same—Evidence—Argument of Counsel—Res Gestae.**

The accused cannot sit by silently and permit the admission of testimony without objection which might be subject to objection, and thereafter complain of the use made of it by the State in argument or otherwise; besides, the evidence was admissible as res gestae and there is no reversible error.

**3.—Same—Evidence—Sales of Liquor.**

There was no error in admitting testimony of sales of liquor made by the defendant shortly before the date of his arrest when he was in possession of the liquor charged in this case, as it is permissible for the State to show sales within reasonable proximity of time. Following Newton v. State, 94 Texas Crim. Rep., 288, 250 S. W. Rep., 1036

**4.—Same—Evidence—Practice in Trial Court.**

There was no error in permitting the sheriff to bring before the jury at the time he testified a glass jar said by him to be one of the jars of whisky obtained from the defendant at the time of his arrest; besides the whisky was removed upon objection.

**5.—Same—Rehearing—Sufficiency of the Evidence.**

Where, upon trial of possessing intoxicating liquor for the purpose of sale, the evidence supported the conviction, there is no reversible error. Distinguishing Lankford v. State, 248 S. W. Rep., 389, and other cases.

**6.—Same—Sale of Liquor—Possession—Accomplice.**

This court has never held that a jury's conclusion of guilt of possessing intoxicating liquor for the purpose of sale was dependent on proof of actual sale by the accused. The purpose may be inferred from the surrounding circumstances, and while no request for any instruction was made as to accomplice's testimony the case was not wholly dependent thereon, and the conviction rests upon sufficient evidence.

Appeal from the District Court of Jones. Tried below before the Honorable W. R. Chapman.

Appeal from a conviction of possessing intoxicating liquor for the purpose of sale; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Lon A. Brooks,* and *White, Wilcox, Graves, & Taylor,* for appellant.—Cited cases in the opinion.

*R. G. Storey,* Assistant Attorney General for the State.

LATTIMORE, JUDGE.—From a conviction in the District Court of Jones County of possessing intoxicating liquor for the purposes of sale, appellant brings this appeal.

The facts show that appellant was arrested in possession of a car in which were twenty-seven gallons of whisky. Evidence was before the jury showing sales of liquor by appellant about that time. The evidence amply supports the judgment of guilty.

Appellant has two bills of exception complaining of improper argument on the part of the State's attorney. An examination of said bills discloses that the argument complained of consisted of the repetition before the jury of a statement made by appellant immediately following his arrest in which he stated that he had 27½ gallons of liquor in his car. Each of said bills of exception is qualified by a statement from the learned trial judge that this testimony was admitted without objection. This being the case, it would be permissible to discuss it. This court has said many times that the accused may not sit silently by and permit testimony which might be subject to objection, to be introduced and thereafter complain of use made of it by the State in argument or otherwise. We might further observe with reference to the statement made by the appellant almost immediately following his arrest to the effect that he had in his car 27½ gallons of liquor, that it would appear to be admissible under the further rules of res gestae that statements made in connection with or as a part of a confession which lead to the discovery of fruits of the crime and which are found to be true, become thus admissible.

Appellant also complains of testimony of sales of liquor made by him shortly before the date of his arrest in possession of the liquor charged in this case. An essential element of the offense charged herein is the purpose and intent of the appellant in having liquor in his possession, that is, the State must satisfy the jury that such possession was for the purpose of sale. As shedding light upon the intent of the ac-

cused in such possession, it is permissible for the State to show sales of such liquor within reasonable proximity of time. Anderson v. State, 91 Texas Crim. Rep., 183, 238 S. W. Rep., 321; Newton v. State, 94 Texas Crim. Rep., 288, 250 S. W. Rep., 1036.

We perceive no error in the action of the sheriff in bringing before the jury at the time he testified a glass jar said by him to be one of the jars of whisky obtained from the appellant at the time of his arrest. If such testimony was in anywise objectionable, it could not be held so in the instant case because the learned trial judge qualifies the bill of exceptions by saying that when the accused objected he directed the officer to remove the whisky. This disposes of the contentions of appellant. Being unable to agree with any of them, an affirmance will be ordered.

*Affirmed.*

ON REHEARING.

March 5, 1924.

LATTIMORE, JUDGE.—The only question raised in the motion is the sufficiency of the evidence. The facts relied on by the State briefly were as follows: (1) Appellant's possession when arrested in fall of 1921 of 27½ gallons of whisky in his car; (2) his ownership of the car; (3) his statement when overtaken and arrested "Well, you got me, I got twenty-seven gallons;" (4) Duncan's testimony that he had a conversation with appellant at Stamford "just prior to his leaving to get the whisky . . . I told him if he run across some good whisky to bring me a quart; . . . he had not agreed to deliver me a gallon; . . . he did not tell me what it would cost, I don't think he did; . . . this was just before he was arrested;" (5) Pennell's testimony that he got whisky from appellant along in the fall of 1921; "he always delivered me a quart when I bought it from him; . . . bought a quart from him in August, paid him five dollars for it; . . . had more than one conversation in reference to delivering me whisky." Consideration of this testimony would seem to lead irrestibly to the conclusion of guilt of possession of the 27½ gallons of whisky for purposes of sale.

Appellant cites Lankford v. State, 93 Texas Crim. Rep., 442, 248 S. W. Rep., 389. The only issue in that case was the refusal of appellant's request for the submission of the law of accomplice testimony. We thought the facts called for the granting of this request and for its refusal reversed the case, but nowhere was it intimated that had the request been granted, the case would have been reversed for the lack of evidence. Appellant cites Phillips v. State, 92 Texas Crim. Rep., 317, 244 S. W. Rep., 146 and Chandler v. State, 89 Texas Crim. Rep., 297, 231 S. W. Rep., 107. In each of those cases the

State relied wholly on accomplice testimony. Such is not the case here. By witnesses in no way subject to attack as accomplices appellant's possession in his car on a road of 27½ gallons of whisky and his voluntary statement when arrested "Well, you got me, I have 27 gallons," was shown. This court has never held that a jury's conclusion of guilt of possessing intoxicating liquor for sale was dependent on proof of actual sales by the accused. Numerous cases might be cited but attention is only called to Hightower v. State, 94 Texas Crim. Rep., 150, 249 S. W. Rep., 1048; Kelly v. State, 95 Texas Crim. Rep., 138, 252 S. W. Rep., 1065; Newton v. State, 94 Texas Crim. Rep., 288, 250 S. W. Rep., 1036. The illegal purpose for which the liquor is possessed might be inferred from the quantity, or the surrounding circumstances pertaining to the particular case. It would be a question of fact for the jury and their finding would not be disturbed unless manifestly against the weight of the testimony. In this case, in addition to the finding of appellant in the possession of the quantity of liquor above mentioned and his statement clearly indicating a consciousness of guilt, the testimony of Mr. Duncan and of Mr. Pennell is for the consideration of the jury and is entitled to such weight as the jury sees fit to give it. There was no request for any instruction to the jury to the effect that these gentlemen or either of them was an accomplice. The case is not wholly dependent on accomplice evidence and in our opinion rested upon sufficient facts.

The motion for rehearing will be overruled.

*Overruled.*