GREGORIO SOLIS V. THE STATE.

No. 11773.   Delivered May 2, 1928.

**Sale of Intoxicating Liquor—Argument of Counsel—Commenting on Evidence—Not Improper.**

Where a witness had so testified on a trial for the sale of intoxicating liquor it was not improper for state's counsel to call the attention of the jury to the testimony of this witness that he had repeatedly bought whiskey from appellant, and to comment on the credibility of said witness and the probative force of his evidence, appellant not having objected to the testimony. See Richmond v. State, 96 Tex. Crim. Rep. 598, and other cases cited. Also see Branch's P. C., Sec. 370.

Appeal from the District Court of Aransas County. Tried below before the Hon. T. M. Cox, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Tarlton & Love,* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was indicted in two counts, the first charging the unlawful possession of liquor capable of producing intoxication and the second the unlawful sale of such liquor. The court charged only upon the second count. His punishment was assessed at one year in the penitentiary.

Upon the trial of the case the state proved in rebuttal by one Anastacio Polido that he purchased liquor from appellant numbers of times. Objection was made and exception taken to the following remarks of the state's attorney to the jury:

"The witness Tacho Polido has told you that he purchased liquor from this defendant numbers of times. There can be no doubt about the guilt of this defendant in the face of this testimony. For some reason or other this defendant and his counsel have taken a dislike to this particular witness but his testimony

is worthy of credence; he has told you the facts and he says that he bought liquor from the defendant, which all goes to show that the defendant is guilty."

Appellant admits the testimony of Polido was properly in evidence under the first count of the indictment but argues that since it was inadmissible under the second count, which alone was submitted to the jury, the state's attorney had no right to comment upon it. No objection was made to this testimony when offered and no motion to strike same when the case was submitted to the jury upon the second count of the indictment, nor does the record show any suggestion made by appellant to have the court limit the jury's consideration of this testimony. So far as this record shows the evidence of witness, Polido, was originally admitted and remained in evidence without any kind of objection from appellant. The appellant cannot object to comment and argument upon testimony to which he has made no objection and which was in evidence with his tacit consent. Richmond v. State, 96 Tex. Crim. Rep. 598. Counsel have the right in argument to the jury to comment upon the facts in evidence. Leonard v. State, 20 Tex. Crim. App. 442; Branch's P. C., Sec. 370. It seems apparent that the admissibility of evidence cannot be raised by an objection to comment upon it in argument. This would be the logical result of sustaining appellant's contention. The matter under discussion cannot be thus reached.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.