PETE FLOYD V. THE STATE.

No. 19476.    Delivered March 3, 1938.
Rehearing denied April 27, 1938.

440

The opinion states the case.

*Myres & Myres,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Conviction is for possession of beer for purpose of sale in dry area; punishment is assessed at a fine of $200.00.

The record shows that on the 14th day of July, the officers, armed with a search warrant, searched appellant's home and a barn, located across the street. In said barn, they found twenty-four cases of beer. The deputy sheriff testified that on the day before the search, he observed appellant coming from said barn with a case of Falstaff beer, which he carried into his home; that there was a well-defined trail leading from appellant's home to said barn.

The sheriff testified that a short time prior thereto, he observed fourteen or fifteen cases of beer in appellant's car; that on another occasion, he saw him deliver a case of beer to Mrs. Ford's residence. That a short time prior to the 14th of July, he raided appellant's home and found about four cases of beer.

By bills of exception numbers one through five, inclusive, appellant complains of the admission of the sheriff's testimony, as above set out, on the ground that it was proof of extraneous offenses and calculated to prejudice the jury against him. We are of the opinion that the testimony was admissible to show the purpose for which the beer was possessed by appellant. See Richmond v. State, 258 S. W. 816; Sipanek v. State, 272 S. W.

141; Section 166, page 98, Branch's Penal Code and authorities correlated.

By bill of exception number six, appellant complains of the court's refusal to submit to the jury his requested special instruction, which reads as follows: "In this case you are instructed that you will not consider as evidence against the defendant any of the testimony of any of the witnesses as to transactions about which they testified other than the transaction alleged to have occurred on the 14th day of July, 1937, and you are instructed that even though you may believe that the defendant on dates prior and on occasions prior to July 14. 1937, possessed beer, yet, you will not consider such evidence against the defendant in determining whether or not, the defendant on the occasion in question possessed the beer consisting of 25 cases that was found in a barn west of No. 206 Trinity Street, Cleburne, Texas."

The court states in his qualification to the bill that the requested instruction would have precluded the jury from considering defendant's possession of beer on other occasions in deciding the purpose of his possession of beer on July 14, 1937. We see no reversible error in the court's ruling.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant's only contention in such motion is that the trial court erred in allowing the introduction of other offenses of like character as the present one to be shown in evidence herein against him, since there was no question raised relative to the purpose of his possession of the twenty-five cases of beer.

It seems to us that there was no error shown in allowing such testimony. In the first instance the duty rested on the State to make out its case sufficiently strong enough to convince the jury not only as to the amount of liquor possessed, but also as to the purpose for which such possession was had. We also note from the record that the appellant had denied the ownership of such beer, and that the same was located out in a barn some distance away from the appellant's place of business. It has been

442

held in Lawrence v. State, 82 S. W. (2d) 654: "(1) That where it is sought to identify a defendant as the person guilty of a crime for which in any case he is on trial, that proof of extraneous crimes is never admissible unless it is of such character as furnishes evidence of his identity and connection with the offense then being tried; (2) that the converse of this proposition is equally true, and if such proof does establish his identity and connection with the offense being tried, same is always admissible."

It would seem that it was necessary for the State to show that the appellant had some connection with the twenty-five cases of beer located in this barn, and the fact that he had been seen the day before, or a few days before, in possession of beer of similar character, and carrying such beer out of said barn across the street into his place of business, it seems to us that it would be very cogent testimony to show that he had control of the premises where the beer was found, and that he was in possession of a quantity of beer of similar character in the community just prior to the time this beer was found in the barn, would go far to establish his identity as the owner of such beer and his connection with its possession.

We fail to see any error reflected in the action of the court, and think our former opinion affirming this case states the correct rule of law.

The motion will therefore be overruled.